THOMAS STILLMAN, Respondent, *v.* MARY S. VAN BEUREN, Impleaded, etc., Appellant.

In an action to foreclose a mortgage upon a leasehold interest, in which a receiver of rents accruing from an undertenant had been appointed, and wherein the original landlord claimed a preference for the amount of rent unpaid as fixed by the original lease, it appeared that by an agreement between her, her tenant and certain undertenants she consented, in consideration of the payment to her from rents accruing under a sublease of a less sum per annum than that fixed by her lease, that the residue of said rents might be appropriated for other purposes. *Held,* that she was only entitled to a preference to the amount fixed by said agreement; that, as but for it she would have been entitled to no portion of the money due under the sub-lease, she was bound by the conditions of the agreement.

(Argued October 16, 1885; decided November 24, 1885.)

APPEAL by defendant, Mary S. Van Beuren, from a judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 5, 1883, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 17 J. & S. 86.)

This action was commenced in June, 1879, for the foreclosure of a mortgage given by the defendant, Christian F. Dickel, to Edward Dickel, bearing date the 1st day of October, 1872, to secure the payment of $12,000 with interest, on the 1st day of October, 1874, and assigned to the plaintiff October 4, 1872. It recited a lease executed by the defendant Mary S. Van Beu-

ren on the 1st of May, 1871, of lots numbers 128, 130, 132, on Thirteenth street in the city of New York, to said Christian for the term of ten years, at an annual rent of $2,000 ; a sub-lease by Christian to one Kain of the same premises for ten years from September 1, 1871 ; a sub-lease of the same by Kain to the board of supervisors of the county of New York, for ten years and eight months from September 1, 1871, at a yearly rent exceeding $6,000, and an assignment of the last two leases by Kain to Christian, who for the purpose above mentioned assigned and transferred to said Edward Dickel the several lots on Thirteenth street, and all the mortgagor's interest or right therein and the term of years yet to come, the three leases above described, and all right of the said Christian to the sums of money to become due for rent under the same. The complaint stated that on the 24th of December, 1873, Christian F. Dickel assigned these leases to the defendant, William C. Dickel, who leased the premises to the defendant, Charles W. Dickel, for the term of five years and three months from July 1, 1876, at the yearly rent of $5,500, and without the consent of the plaintiff the lease from Kain to the supervisors was treated as void and a new lease in substitution thereof executed by Charles W. Dickel on the 1st of January, 1877, to the mayor, aldermen and common council of the city of New York, for the term of five years from that date, at the yearly rent as finally adjusted of $5,500 ; that on the 21st of March, 1877, this lease and the rents to accrue thereon, was assigned by Charles W. Dickel to the defendants, Edward and William Mitchell, upon an agreement in writing, in which, among others, Mrs. Van Beuren, William C. Dickel, Charles W. Dickel and the Messrs. Mitchell joined, to apply the rents thereafter received, among other things, to the extinguishment of the amount in arrear at any time for rent, taxes, etc., under the lease from Mrs. Van Beuren to Christian F. Dickel, " it being thereby agreed, however, that $1,500 per annum only from and after April 1, 1877, should be applied from the rents to be received by the Messrs. Mitchell, to the payment and on account of the rent thereafter to grow due to

said Mary S. Van Beuren, under said lease from her to said Christian F. Dickel." One Howland and other persons were also parties to this agreement, and provision was made for the distribution of portions of the rents for their benefit ; as to them no question now arises ; that this agreement was executed with notice to the parties thereto of the mortgage and its assignment to the plaintiff ; that the whole amount of the mortgage is due and unpaid, the mortgaged premises an insufficient security for the same, and Christian F. Dickel and William C. Dickel irresponsible.

The complaint concedes the validity of the agreement to the extent that it provides for payment of rent to Mrs. Van Beuren, and taxes and assessments, but claims that it is void as to the residue. Judgment was asked that the plaintiff be declared entitled to the rents under said lease to the mayor, aldermen and commonalty of the city of New York, to be applied on account of the amount due on said bond and mortgage, after the payment of taxes, assessments and Croton-water rents on said premises, and the rent under said lease from said Mary S. Van Beuren, for the usual judgment of foreclosure and sale of the premises, "and that the said Mary Van Beuren be enjoined from instituting or prosecuting any proceedings for the recovery of possession of the premises for the non-payment of rent," and for a receiver "of the mortgaged premises and of the rents, issues and profits thereof."

Mrs. Van Beuren asserted by answer that rent was due and unpaid by the lease to Christian to the amount of $2,700, and a right to institute proceedings for the recovery of the demised premises. On the 5th of September, 1879, the court at Special Term, after hearing the parties, appointed the Messrs. Mitchell "receivers of the rents, issues and profits of the mortgaged premises, with the usual powers of receivers in such cases," and ordered that they, as such, "apply the rents received, or to be received, to the extinguishment of the amount in arrear, or which may at any time be in arrear for rent, taxes, Croton water or assessments under lease of said premises to Christian F. Dickel until there shall be no more arrears of rent due the

defendant, Mary S. Van Beuren, under said lease from her, and until there shall be no arrears of taxes, assessments or Croton rents on said premises — but that $1,500 per annum only shall be applied from the rents to be received by said receivers to the payment of and on account of the rent due and to grow due from and after April 1, 1877, to said Mary S. Van Beuren under said lease from her to said Christian F. Dickel."

Upon hearing of the issues, the trial judge found substantially as alleged by the plaintiff, ordered judgment of foreclosure, and that the mortgaged premises be sold, subject to the said lease to the mayor, aldermen and commonalty of the city of New York. That the plaintiff is entitled to the rents since June 26, 1879, under said last-mentioned lease collected by the defendants, Edward Mitchell and William Mitchell, Jr., by virtue of said agreement and by the receivers appointed in this action, to be applied on account of the amount due on his bond and mortgage after the payment out of said rents of taxes, assessments and water rents on said premises, and the rent due under said lease from said Mary S. Van Beuren, at the rate of $2,000 per year up to April 1, 1877, but that $1,500 per annum only from and after April 1, 1877, should be applied from said rents to the payment of and on account of the rent due or to grow due after April 1, 1877, to said Mary S. Van Beuren under said lease from her to Christian F. Dickel. The court refused to restrain Mrs. Van Beuren. She appealed from the judgment entered in pursuance of this decision, so far as the same determines that the agreement dated March 21, 1877, inures to the benefit of the plaintiff, and so far as said judgment adjudges that said defendant, Mary S. Van Beuren, is entitled to a preference to the extent only of $1,500 rent per annum, and that she is not entitled to $2,000 rent per annum of the mortgaged premises therein described.

*Edward Mitchell* for appellant. When the paramount landlord of leasehold premises has been made a party defendant in an action by the mortgagee of a lease to foreclose his mortgage, and in such action the plaintiff has had a receiver of the

rents appointed, the paramount landlord is entitled to a judgment for the payment by the receiver, out of the rents collected by him, of rent in arrear reserved under the original lease before any payment of such rents to the mortgagee. (*Riggs* v. *Whitney*, 15 Abb. Pr. 388; *Howell* v. *Ripley*, 10 Paige, 43.) When the paramount landlord has been made a party defendant in an action, as above stated, if the rents collected by the receiver are insufficient to pay the arrears of rent due to him, the landlord is entitled to a judgment for the payment of such arrears out of the proceeds of sale before such proceeds are to be applied on the mortgage debt. (*Catlin* v. *Grissler*, 57 N. Y. 363.) The mortgage to the plaintiff did not vest in him the legal title to the leasehold premises. (*Riggs* v. *Pursell*, 66 N. Y. 200; McAdam on Landlord and Tenant [2d ed.], 101, and notes.) In fact and in law the Kain lease was void. (*Boller* v. *Mayor, etc.*, 8 J. & S. 523.) The owner of the equity of redemption of mortgaged premises is at law entitled to the rents and profits of the mortgaged premises until the purchaser under the decree becomes entitled to the possession of the premises. (*Astor* v. *Turner*, 11 Paige, 436; *Mut. L. Ins. Co.* v. *Sage*, 28 Hun, 595.) The mortgagee, as such, had no right at law or in equity to the rents to accrue under leases made subsequent in time to his mortgage. (*McKircher* v. *Hawley*, 16 Johns. 289; *Jones* v. *Clark*, 20 id. 51, 52, 62, 63; *Simon* v. *Saltus*, 3 Denio, 214.) Even after foreclosure and possession by the mortgagee he cannot hold any tenant to the terms of a lease made subsequent to his mortgage. There is no privity of contract or estate in such case. If the tenant should remain he would not thereby ratify the lease, but would be in as tenant from year to year. (*Simon* v. *Saltus*, 3 Denio, 214; *Doe* v. *Bushnell*, 8 Car. & P. 566.) There was no privity of contract or estate between the paramount landlord, Mrs. Van Beuren, and the mortgagee, or his assignee, the plaintiff Stillman. (*Astor* v. *Hoyt*, 5 Wend. 603; 2 Wash. on Real Prop. [ed. 1860] 479, § 48; *Lawrence* v. *Fox*, 20 N. Y. 268; *Burr* v. *Beers*, 24 id. 178.) The obligation to pay rent had not been released or extinguished. (*People* v. *Dudley*, 58 N. Y. 331;

*Finnegan* v. *Carraher*, 47 id. 500.) When a receiver is appointed in a suit he is appointed for the benefit of such of the parties in the suit as it shall afterward appear were entitled to the fund in controversy. (*Howell* v. *Ripley*, 10 Paige, 43.) The right of the landlord to action for the rent or to re-enter is sufficient to render the payment by the tenant compulsory, and to render it a valid payment to and for the use of his landlord. (*Peck* v. *Ingersoll*, 7 N. Y. 528; *Astor* v. *Le Amoreaux*, 4 Sandf. 524.)

*David Thurston* for respondent. The principal landlord has no claim against a sub-tenant for rent due upon the principal lease; as between them, there is neither privity of contract nor privity of estate. (*McFarlan* v. *Watson*, 3 N. Y. 286; Taylor on Landl. and Ten., § 448.) The doctrine that a sub-tenant may pay the original landlord the rent due in the latter's lease, and charge it against his immediate landlord, does not aid the appellant. (*Peck* v. *Ingersoll*, 7 N. Y. 528.) The plaintiff was entitled to have such a provision inserted in the judgment that out of the fund in the receiver's hands all arrears of rent should be paid to appellant. (*Catlin* v. *Grissler*, 57 N. Y. 364.) Assuming that the plaintiff had no lien on these rents by virtue of a special agreement in his mortgage, he was still entitled to have the rents impounded by the court for his benefit, and a receiver appointed for the purpose. (*Howell* v. *Ripley*, 10 Paige, 43; *Lofsky* v. *Maujer*, 3 Sandf. Ch. 69; *Post* v. *Dorr*, 4 Edw. Ch. 412; *Washington Life Ins. Co.* v. *Fleischman*, 10 Hun, 117.)

DANFORTH, J. Between Mrs. Van Beuren, the original lessor, and the city of New York, the under-tenant of Christian F. Dickel, there was neither privity of estate nor privity of contract, and it was upon this principle that both courts decided against her. We find no error in their conclusion. Except for the agreement of March 21, 1877, Mrs. Van Beuren would have been entitled to no portion of the money becoming due under the lease from Dickel to the city of New York, and the

appeal challenges only that portion of the judgment which in effect determines that she must abide by its conditions. The learned counsel for the appellant seems to give no force to this agreement, but puts his argument upon the general equity of the landlord to be paid from rent in the hands of a receiver before its distribution among other creditors. That equity is obvious. Rent reserved to the landlord must be paid as a condition to its continued receipt from an under-tenant. If the original lessor is not satisfied, the under-tenant may be dispossessed, and so rent ceases. But the original landlord may be satisfied in other ways than by a compliance with the terms of the lease; and that, so far as the rents are concerned, is the case here. If we assume that under other circumstances she might have been entitled to be paid from the rents owing by the under-tenant; that upon sale of the leasehold interests the arrears due would have been retained for payment to her, it cannot be denied that she might waive this preference, and that her consent to the appropriation of those rents would be sufficient as against any subsequent or adverse claim by her.

It is also argued that the plaintiff as mortgagee had no lien upon the rents. That question hardly concerns the appellant. It was one of the terms of the agreement referred to, that after payment of the sums specified and the portion of rent to her, the rents should be re-assigned to Charles W. Dickel, by whom the lease had been transferred to the Messrs. Mitchell. Although a party to the action he makes no objection, and if he has any right it cannot be enforced by the appellant. So far as her rights are concerned in any question properly arising on this appeal, we think they were established by that agreement and that the judgment appealed from is in accordance with it. It is, therefore, unnecessary to consider the propositions submitted in her behalf, and which, it must be conceded, would have great force if that agreement had not been made.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.