Samuel Ginsburg and Another, Appellants, *v.* Sherlock Realty Corporation and Another, Defendants, Impleaded with 135 West 72d Street Corporation, Respondent.

First Department, November 4, 1927.

Mortgages — foreclosure — mortgage was given plaintiffs on leasehold with consent of fee owner — mortgage provided for appointment of receiver — receiver was appointed in April, 1924, and lease came to end through dispossession of tenants May 1, 1924 — in meantime both receiver and fee owner collected rents — motion to vacate receivership and cancel lis pendens was improperly granted.

This is an action to foreclose a mortgage on a leasehold. The mortgage, which was given with the consent of the fee owner, stipulated for the appointment of a receiver in the event of default by the mortgagor. A receiver was appointed in April, 1924, and on May 1, 1924, a warrant dispossessing the tenants was issued and the lease came to an end. In the meantime, both the receiver and the fee owner had collected rents.

The action of the Special Term in granting the application of the fee owner to cancel the *lis pendens* and vacate the receivership was erroneous, for the mortgagees had the absolute right under the mortgage to which the fee owner gave his consent to have the receiver appointed, and it was necessary for the protection of the mortgagees that a *lis pendens* be filed.

Appeal by the plaintiffs, Samuel Ginsburg and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of May, 1924, granting the motion of the defendant 135 West 72d Street Corporation to vacate and set aside an order theretofore granted appointing a receiver of the rents and profits of a leasehold under a mortgage made by the lessee to the plaintiffs, by and with the consent of the owner of the fee, and also canceling the *lis pendens* filed by the mortgagees.

*Samuel Conrad Cohen,* for the appellants.

*Henry Clay Greenberg* of counsel [*Bernard L. Spiegel,* attorney], for the respondent.

McAvoy, J.   The Special Term vacated and set aside an order which had appointed a receiver of the rents and profits of a leasehold, which leasehold had been mortgaged by the lessees to the plaintiffs. The order also canceled the *lis pendens* filed by the mortgagees. The lessee made a mortgage as security for a loan on his leasehold interest. The fee owner became a party to this mortgage by consenting thereto and participated in the closing by tendering and giving a written consent which contained an agreement that, in the event of any default on the part of the lessee of any of the terms of the lease, the fee owner would give notice to

the mortgagees.    Subsequently in March, 1924, the lessees defaulted in payment of moneys under the mortgage and in April, 1924, the mortgagees brought suit to foreclose the mortgage upon the leasehold.    They filed a *lis pendens* at the time of the commencement of the action and applied for a receiver and secured the appointment of such receiver by order of the court.    The receiver then went into possession and both he and the fee owner collected rents from the tenants.    The receiver collected $600 and the fee owner collected $300.    At the end of April the fee owner dispossessed the lessees and on the 1st day of May, 1924, a warrant was issued for the dispossessing of the tenants.    The lease thus came to an end.

On May 6, 1924, the fee owner made a motion to vacate the order appointing the receiver of the lessees' interest in the leasehold and for a cancellation of the *lis pendens* filed against the lessees' interest and an injunction against the receiver to restrain him from collecting the rents.    The learned court granted this motion and vacated the order appointing the receiver and canceled the *lis pendens* and enjoined the receiver.

This order was erroneous because as between the mortgagees and the lessees the appointment of a receiver of the rents and other income was a matter of right.

In the mortgage between the parties there was the usual clause permitting the appointment of a receiver in the event of the parties of the first part making default in the payments agreed upon under the mortgage.    The fee owner having consented to the making of the mortgage was in privity with the mortgagees and would be deemed to have agreed to the remedies provided under the mortgage. The fee owner was not entitled to the possession under the lease unless he gave ten days' notice to the lessees to comply with the covenant and instituted summary proceedings to dispossess the tenants.    Under the consent attached to the mortgage, the owner further agreed to give to the mortgagees notice of the violation on the part of the lessees of any of the covenants of the lease.    Pending the repossession by the landlord of the premises the mortgagees of the lessees had the right to conserve their interest as mortgagees of the leasehold in such rents as accrued thereunder.    The *lis pendens* filed attached only to the interest of the lessees and does not affect the rights of the fee owner.    It was error, therefore, to cancel the *lis pendens* as it was properly filed.

The removal of the receiver by vacating the order appointing him was a violation of the mortgagees' right.

The fee owner having joined in the mortgage to the mortgagees and having agreed to take no steps without and until after notice had been given to the mortgagees upon a default by the lessees, any

assignment given to the fee owner would necessarily be subordinate and subject to the rights of the mortgagees under the mortgage.

Under the lease, therefore, the landlord, not being entitled to possession until a warrant of dispossess had been issued, is not entitled to rents from subtenants or tenants of the lessees. (*Stillman* v. *Van Beuren*, 100 N. Y. 439.)

In that case the court stated (at p. 444): " Between Mrs. Van Beuren, the original lessor, and    *    *    *    the under-tenant    *    *    *    there was neither privity of estate nor privity of contract, and it was upon this principle that both courts decided against her.    We find no error in their conclusion.    *    *    * "

Therefore, if as between the fee owner and the lessee, the lessee is entitled to the rents from the sublessees, the assignment of rents being subject to the lessee's interest, the mortgagee of the leasehold after breach of the lessee's interest, is entitled to the rents from the subtenants as against the fee owner, until the exercise by the fee owner of his right to dispossess and the actual issuance of the dispossess warrant. (*Stillman* v. *Van Beuren, supra.*)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.