DONALD FRIEDMAN & CO., INC., Appellant, *v.* LEO NEWMAN, Respondent.*

First Department, June 23, 1930.

* Revd., 255 N. Y. 340.

*Aaron H. Marx* of counsel [*Walter E. Godfrey* with him on the brief; *Godfrey & Marx*, attorneys], for the appellant.

*David Haar* of counsel [*H. Louis Jacobson*, attorney], for the respondent.

SHERMAN, J. Plaintiff, a dealer in bank stocks, seeks reformation of a sales confirmation sent by mistake to defendant from which it erroneously appeared that ten shares of Chase National Bank stock had been sold to defendant at the price of $1,060 per share, when the actual sales price, as well as the prevailing market price, was $1,160 per share. Judgment for the loss sustained when defendant declined to accept and pay for the shares so purchased at $1,160 per share is also asked.

The judgment appealed from denies relief to plaintiff and awards judgment to defendant upon his counterclaim for damages claimed to have resulted through plaintiff's failure to consummate the sale at the price of $1,060 per share, which was $100 below the market price. It appears without contradiction that there was an extensive over-the-counter market in this stock and for several days both before and after the transaction the price of the stock upon the market was in the neighborhood of $1,160 per share and that it had not been quoted or dealt in at or near the price of $1,060 per share. The price fluctuations of this stock appeared in the daily newspapers. Nevertheless, defendant testified that on March 11, 1929, when he telephoned plaintiff for a quotation, he was told that the price was $1,040 to $1,060 per share, which meant that plaintiff offered to buy at the lower or sell at the higher price; that he thereupon telephoned to another broker about the market and then

again telephoned to plaintiff whose representative, an active trader in the stock, again repeated the quotation at $1,040 to $1,060 per share, whereupon he bought the ten shares at the price of $1,060, despite the fact that at that time the actual market price was concededly $1,140 to $1,160 per share. Thus, if this testimony be accepted defendant purchased the ten shares at a price $1,000 below the market. Defendant's testimony was contradicted by plaintiff whose proof was that the telephone quotation was at the actual market price, that as soon as the plaintiff sold the shares to defendant at $1,160 per share its representative made out, in the usual course of its office routine, a " ticket " for the ten shares at $1,160 per share on one of its printed forms. This was handed to a stenographer who erroneously transcribed upon the confirmation notice sent to defendant the price figure at $1,060 per share instead of the actual price of $1,160. The error was promptly discovered and *on the same day* plaintiff sent a communication to defendant explaining the inaccuracy and a corrected confirmation setting forth the actual price of $1,160 per share. While error was committed upon the trial in rejecting proof offered by plaintiff, enough appears in the record to show clearly that the sale was actually made at the price of $1,160 per share, that the plaintiff's stenographer who prepared and sent the confirmation notice mistakenly transcribed, as she testified, the price numerals and that defendant who had dealt in bank stocks before and had been keen to learn the actual market price of the stock, must have realized from its wide disparity from the prevailing market price that the figures in the confirmation notice were erroneous. Under such circumstances, equity will not allow a party to take advantage of the error. (*Gotthelf* v. *Shapiro*, 136 App. Div. 1, 4; *Fischer* v. *Schram*, 173 id. 147, 150.) Relief is granted against the consequences of mistake (*MacDonald* v. *Crissey*, 215 N. Y. 609, 616; *Born* v. *Schrenkeisen*, 110 id. 55), particularly where, as here, to deny relief would be to sanction the perpetration of a fraud. (*Gotthelf* v. *Shapiro*, *supra;* *Fischer* v. *Schram*, *supra*.) For the " certainty of error " (*Weed* v. *Whitehead*, 1 App. Div. 192) in the writing is here manifest; indeed the " circumstances established beyond cavil, make for the plaintiff in that they may afford an explanation of the reason for the mistake, and corroborate the version of the plaintiff." (*Jamaica Savings Bank* v. *Taylor*, 72 App. Div. 567, 569.)

The judgment appealed from should be reversed, with costs, the counterclaim dismissed, and judgment directed reforming the writing mentioned in the complaint as therein demanded, and

that plaintiff recover from the defendant the sum of $270.20, with interest thereon from March 13, 1929, and costs.

McAVOY, MERRELL and O'MALLEY, JJ., concur; MARTIN, J., dissents.

Judgment reversed, with costs, the counterclaim dismissed, and judgment directed reforming the writing mentioned in the complaint as therein demanded, and that plaintiff recover from the defendant the sum of $270.20, with interest thereon from March 13, 1929, with costs. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.