EDWARD R. SANDFORD, Petitioner and Landlord, *v.* AMBASSADOR RESTAURANT CO., INC., Tenant, and 445 LEXINGTON AVENUE CORPORATION, Subtenant.

Municipal Court of New York, Borough of Manhattan, Fourth District, January 22, 1931.

4

*Eugene V. Daly,* for the landlord.

*A. Martin Cohen* [*Samuel Weinberger* of counsel], for the undertenant.

ROSALSKY, JOSEPH S., J. This summary proceeding for non-payment of rent is brought against the tenant and an undertenant. The only question at issue concerns the right of the landlord to a money judgment as against the undertenant. No point is raised as to the power of this court to grant such a judgment as against an undertenant. (Civ. Prac. Act, § 1425.)

The term of the original lease from the owner of the fee to the tenant will expire August 31, 1931. The tenant made a sublease for a term which runs for one day less, viz., August 30, 1931. In *Davis* v. *Morris* (36 N. Y. 569) the Court of Appeals say (p. 575): " This agreement left the last day of the term of the lease exclusively to Hudson. There is nothing in the agreement giving Morris any right to the premises for that day. There is no doubt, but that the reservation of this last day by Hudson, was the result of a design of the parties to prevent Morris becoming liable for the rent. There does not appear to have been any other reason therefor. The parties had the right to make their contract as they did, to accomplish that object."

It matters not that the undertenant was authorized to protect his possession by paying rent to the head landlord (*Peck* v. *Ingersoll,* 7 N. Y. 528, 529). If there had been an assignment of the lease in distinction from a sublease, the situation would necessarily be different. (*Bedford* v. *Terhune,* 30 N. Y. 453, 456, 457; *Collins* v. *Hasbrouck,* 56 id. 157, 162.) To constitute an assignment as distinguished from an undertenancy, the assignment must be of the whole term and estate. If the estate of the underlessee is for a single day short of the term limited by the original lease, he cannot be sued on any of the covenants contained therein. In such case there is neither privity of contract or of estate between the original lessor and the underlessee, and no action founded on any covenant contained in the original lease can be maintained by one of them against the other. (*Ginsburg* v. *Sherlock Realty Corp.,* 221 App. Div. 586; *Stillman* v. *Van Beuren,* 100 N. Y. 439, 444; 24 Cyc. 986; *Van Rensselaer* v. *Gallup,* 5 Den. 454; *Constantine* v. *Wake,*

31 N. Y. Super. Ct. 239.) Until the final order issues, the relation of landlord and tenant still subsists under the original lease between the parties to this summary proceeding. (*Cornwell* v. *Sanford*, 222 N. Y. 248.) At this time, therefore, the landlord cannot have a money judgment against the tenant as well as the undertenant.

The landlord may have a final order for the possession of the premises, .as directed at the trial, but no money judgment as against the subtenant.