SLOWMACH REALTY CORPORATION, Appellant, *v.* LOUIS A. LEOPOLD, Respondent, Impleaded with HOTEL CUMBERLAND and JOSEPH N. TUTTLE, Receiver, Appellants, and the BOLD CORNER REALTY CORPORATION, Defendant. (Consolidated Appeals.)*

First Department, July 1, 1932.

*David Levy* of counsel [*Ira S. Robbins* and *Walter H. Liebman, Jr.*, with him on the brief; *Liebman, Blumenthal & Levy*, attorneys for Slowmach Realty Corporation; *Reuben E. Gleit*, attorney for Joseph N. Tuttle, receiver; and *Weldon & Weldon*, attorneys for Hotel Cumberland], for the appellants.

*William Felstiner* of counsel [*William W. Prager* and *Leonard E. Ackermann* with him on the brief; *Spiro, Felstiner & Prager*, attorneys], for the respondent.

TOWNLEY, J. Plaintiff is mortgagee of a leasehold and assignee of the landlord's cause of action against the defendant Leopold under a guaranty of performance by the tenant of the terms of the lease. Plaintiff sued Leopold, *first*, on the assignment, and, *second*, on the theory of subrogation to the rights of the landlord. The plaintiff paid the rent to protect the mortgage after the tenant's default and defendant Leopold's refusal to honor his guaranty.

Defendant Leopold, in his answer, admits the making of the contract of guaranty but sets up three defenses. The first defense pleads that as surety for, or guarantor of, tenant's performance, defendant has been discharged or released because the leasehold was mortgaged without the surety's knowledge or consent. The second defense pleads payment as a legal conclusion from the following facts: the receiver collected enough money from the subtenants to pay the rent but refrained from paying it. He gave the money to the mortgagee who in turn paid the rent in exchange for an assignment of the landlord's cause of action against the surety. The third defense alleged that the receiver collected rent from subtenants in excess of the tenant's rent.

On this appeal the validity of these defenses is not questioned. We make no comment upon them although it appears from the record in a companion appeal that the lease which was guaranteed had a clause in it which permitted the mortgaging of the leasehold with the permission of the landlord.

The question argued on this appeal is the validity of the counterclaim set up by the defendant Leopold against the plaintiff and the cross-claims against the landlord and the receiver. On the theory that the landlord, the receiver and the mortgagee threaten to continue the practice of permitting the receiver to collect rents from subtenants and retain the same, and of the landlord accepting payment of the rent from the mortgagee and assigning to it its claim against the surety, the counterclaim demands a declaratory judgment that if it should be found that Leopold has not been discharged of liability, then Leopold is entitled on paying the rent to be subrogated to all the rights and remedies that the landlord and the receiver would have against the tenant and against the subtenants. It is further demanded in the prayer for relief that judgment be entered decreeing that Leopold has been released and discharged from all liability under the guaranty or that the landlord be restrained from assigning or transferring to the mortgagee any cause of action against the guarantor and that the receiver be directed to apply any rent collected by him from subtenants for the payment of the rent payable under the lease. It is also prayed that Leopold be declared subrogated to all the rights and remedies of the mortgagee landlord and the receiver against the tenant and subtenants.

The counterclaim and cross-claims involve alleged rights in the guarantor to rents collected from subtenants. Such rights do not exist. Rents collected by the receiver from subtenants equitably belong to the plaintiff as mortgagee as security for the mortgage debt. (*Ginsburg* v. *Sherlock Realty Corp.*, 221 App. Div. 586.) Whatever rights the guarantor has arise from subrogation on payment of the rent to the landlord. The landlord itself even if it had not assented to the mortgaging of the leasehold would have no rights, prior to dispossessing the tenant, to the rents due from subtenants. The reason for this is that there is no privity of contract or estate between a landlord and subtenants. (McAdam Landl. & Ten. [3d ed.] pp. 187, 819; *Bedford* v. *Terhune*, 30 N. Y. 453.)

By the form of pleading, defendant Leopold concedes what is the fact that prior to payment of the rent, the guarantor is not entitled to be subrogated to any of the rights of the landlord. (*McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92; *American Surety Co.* v. *Palmer*,

240 id. 63.) However, assuming that defendant Leopold had paid the rent and was subrogated to all the rights of the landlord, these rights do not include any rights to the rents collected by the receiver from the subtenants. As was said by McAvoy, J., in *Ginsburg* v. *Sherlock Realty Corp.* (*supra*): " Pending the repossession by the landlord of the premises the mortgagees of the lessees had the right to conserve their interest as mortgagees of the leasehold in such rents as accrued thereunder.   *   *   *

" Under the lease, therefore, the landlord not being entitled to possession until a warrant of dispossess had been issued, is not entitled to rents from subtenants or tenants of the lessees.   (*Stillman* v. *Van Beuren*, 100 N. Y. 439.)   *   *   *

" Therefore, if as between the fee owner and the lessee, the lessee is entitled to the rents from the sublessees, the assignment of rents being subject to the lessee's interest, the mortgagee of the leasehold after breach of the lessee's interest, is entitled to the rents from the subtenants as against the fee owner, until the exercise by the fee owner of his right to dispossess and the actual issuance of the dispossess warrant.   (*Stillman* v. *Van Beuren, supra.*) "

Not only are these cross-claims deficient in substance but they are also baseless in form.   It is manifest that what is demanded in the counterclaim is in effect a declaration that the legal defense of discharge has been established or that defendant has a prior equitable claim to the rents of subtenants as against the mortgagee.   In short, though the pleadings show that Leopold has a defense sufficient in law to this action, he none the less demands a declaratory judgment to the same effect.   It was never contemplated that a counterclaim for a declaratory judgment should be a request for a declaration that certain legal defenses are sufficient.

The orders should be reversed, with ten dollars costs and disbursements, and the motions granted, with ten dollars costs.

FINCH, P. J., McAvoy, MARTIN and O'MALLEY, JJ., concur.

On each appeal: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.