THE HORN & HARDART COMPANY, Appellant, *v.* 115 EAST 14TH STREET COMPANY, INC., Respondent, Impleaded with THIRD HOLDING CORPORATION, Defendant.

First Department, November 19, 1937.

*Samuel Ross Ballin* of counsel [*William Shields, Jr.*, with him on the brief; *Milbank, Tweed, Hope & Webb*, attorneys], for the appellant.

*Irving Moldauer* of counsel [*Murry C. Becker* and *Leonard G. Egert* with him on the brief; *Hirsh, Newman, Reass & Becker*, attorneys], for the respondent.

CALLAHAN, J.   On August 4, 1916, the then owners of certain real property located at Fourteenth street and Irving place in the city of New York, leased said premises to Felix Isman, Inc., for a term ending April 30, 1937, with the privilege of renewal for twenty-one years at a graduated net rental, the maximum amount of which was $10,000 per annum.   At that time the property was improved with certain residential buildings, which the lessee agreed to reconstruct into business buildings at a cost of not less than $25,000.   On the termination of the lease, the buildings were to become the property of the lessors.

On September 8, 1916, Felix Isman, Inc., assigned said lease to the defendant, 115 East 14th Street Company, Inc. (respondent herein), which company assumed all the covenants to be performed under the lease by the lessee.

The following day, September 9, 1916, the respondent entered into a sublease with the plaintiff (appellant herein) for a term ending on April 30, 1937, at a net rental of $16,000 per annum.   Said sublease contained a renewal clause identical with that contained in the main lease, with the exception of the amount of rent reserved.   Both renewal clauses provided for a fixation of rent for the new term by agreement of the parties.   In the event of their not agreeing, each party was to choose a disinterested person to ascertain the value of the " lots of land " demised.   The new rent was to be five per cent of the value so arrived at.

Respondent reconstructed the buildings as covenanted, and the appellant installed in the premises equipment for a restaurant at a large expense to it.

Thereafter the defendant Third Holding Corporation became the owner of the fee and held such real property subject to such leases.

Shortly before the expiration of the leases, the appellant gave notice to respondent of its desire to renew the leases, and respondent gave like notice to the owner, Third Holding Corporation.   Disagreement arose between the parties as to how the new rent should

be arrived at. Appellant claimed that five per cent of the "lots of land" meant the land without buildings and respondent claimed the value of the reconstructed buildings should be included therein. Appellant thereupon commenced this action for specific performance of its sublease, and for an injunction restraining the defendants from interfering with plaintiff's possession of the demised premises. The owner was joined as a party defendant. A temporary injunction was granted which has been affirmed by this court (251 App. Div. 801).

Respondent, in its answer, has set forth two counterclaims as against the defendant owner. The sufficiency of these pleas is not before this court at the present time. Two additional counterclaims are set forth against the appellant, which are also pleaded as separate defenses. The present appeal is from an order denying a motion to strike out the last two pleas as insufficient in law.

The first defense and counterclaim asserted against appellant, after setting forth numerous allegations concerning the relationship of the parties, alleges that in preparing the sublease the parties contemplated that appellant should pay a rental which would compensate respondent for the buildings reconstructed by it; that appellant has taken the position that, in fixing the renewal rental, the value of the buildings situated on the land was not to be taken into consideration; that the respondent has been willing to arrange for the fixation of a renewal rent, provided the value of the buildings was included in the appraisal; that unless the renewal rent is fixed on the value of the building as well as the land, respondent will receive from appellant no more than it is obligated to pay the owner; that appellant's position is at variance with the intention of the parties.

The prayer for relief contained in the answer sets forth six separate subdivisions. Subdivisions 4 and 5 would seem to be the only ones relating to this counterclaim. Subdivision 4 demands a declaratory judgment determining whether the rental clause provides for a new rental based on the value of the land only, or the value of the land and buildings. But the construction of the renewal clause of the lease has already been placed before the court by the complaint, and there is no necessity for resorting to a separate declaratory judgment to ascertain the rights of the parties under the lease. A counterclaim for declaratory judgment is not properly employed under such circumstances. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Slowmach Realty Corp.* v. *Leopold*, 236 App. Div. 330.)

Subdivision 5 of the prayer for relief demands that appellant specifically perform the lease, paying rent on the value of the land

and buildings. It also asks that plaintiff be held liable to this defendant for the reasonable value of the use and occupation of the demised premises during the period after April 30, 1937. Again, no necessity exists for a counterclaim for specific performance, as the complaint asks for such relief based on the proper interpretation of the lease. The only remaining relief sought under the counterclaim — the demand for the value of the use and occupation — is asserted only in connection with the claim for specific performance, and not as a separate cause of action for damages.

The first counterclaim will be stricken out as such, with leave to plead anew; such leave, however, shall not be considered as permission to reassert unnecessary claims for declaratory judgment or for specific performance.

Considering the foregoing plea as a defense, the question is necessarily presented as to whether the court should determine at this time, as a matter of law, that the only meaning properly to be ascribed to the words " lots of land " demised, as contained in the renewal clause of the sublease, is that it means land exclusive of buildings. On the face of the instrument the phrase is not entirely free from ambiguity. In disposing of the question of construction in connection with a motion to strike out the defense, we must not only consider all parts of the instrument and the meaning ordinarily ascribed to the words used, but must consider the circumstances surrounding the execution thereof and for that purpose must deem as true the statements of fact contained in the defense concerning such matters. In addition, we find in the pleadings an apparent dispute as to which party drew the lease. With uncertainty as to matters which might materially affect construction, it would not seem proper to determine that question at this time. Rather it should be left to the trial court, where the parties may present such proof as may properly be received concerning any disputed matters that might affect the decision of the question. We accordingly hold that the plea is sufficient on its face as a defense.

The second defense and counterclaim seeks reformation of the sublease for alleged mutual mistake, or mistake and fraud. It is insufficient in its present form, in that it fails to allege any agreement on the part of the plaintiff to pay the renewal rental based on the value of the buildings, and fails to assert facts to support the allegations of mistake or fraud. Leave will be given to assert the claim of reformation anew. In granting such leave, we are not determining that such claim, if reasserted, may not be defeated by pleas of laches or the Statute of Limitations.

The order should be modified by granting the motion to the extent indicated and as so modified affirmed, without costs, with leave to defendant-respondent within ten days to amend the answer in the respects herein indicated.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Order unanimously modified by granting the motion to the extent indicated in the opinion, and as so modified affirmed, without costs, with leave to the defendant-respondent to serve an amended answer in the respects indicated in the opinion, within ten days after service of order with notice of entry.

Settle order on notice.