### KIERAN v. JOHNSON–MARCH CORPORATION.

Civ. No. 4884.

District Court, E. D. New York.

Aug. 7, 1945.

Mitchell, Capron, Marsh, Angulo & Cooney, of New York City (John Dinsmore Adams, of New York City, of counsel), for plaintiff.

Lewis M. Lawton, of New York City, for defendant.

KENNEDY, District Judge.

Plaintiff moves to dismiss two counterclaims contained in defendant's answer. Defendant moves for an order requiring the plaintiff to file further answers to interrogatories Nos. 1, 2, 4, 5, 6, 8, 9 and 10. The motion to dismiss the counterclaim.

The cause was removed to this Court from the Supreme Court of the State of New York (Richmond County) because of diversity of citizenship. After removal plaintiff was ordered to amend its complaint and did so.

The amended complaint alleges plaintiff is a citizen of New York, resident in Richmond County, and that defendant is a Delaware corporation. Plaintiff claims that on December 1, 1934 the parties entered into an agreement under which plaintiff became entitled to commissions on all sales of "coal treating compounds," and additional commissions on sales "materializing" through plaintiff's efforts. The agreement contemplated the execution of a formal contract. All this is contained in a letter between the parties, dated December 1, 1934, which is annexed to the complaint, and embodied into that document by reference as the underlying agreement, the breach of which brought about the litigation.

In its answer, defendant pleads a number of affirmative defenses which need some brief consideration. Defendant was obviously uncertain about the true construction of the letter which plaintiff calls the contract between the parties. And so it pleads want of authority (first defense), and noncompliance with its own by-laws (second defense), all this in the event the letter might be found to be a contract of indefinite duration. Substantially the same defense is set up in slightly different language in the third defense. Defendant sets up the statute of frauds (fourth defense). A defense in the nature of a plea of payment is then asserted (fifth defense). The sixth defense is the statute of limitations. Nonperformance by plaintiff is asserted (seventh defense), and termination of the contract by the defendant (eighth defense).

130

I turn now to the counterclaims to which the motion is addressed. In its first counterclaim defendant says that the parties had formed the intention of paying commissions to plaintiff on sales of one specific coal treating compound. At the time of the preparation and delivery of the letter, upon which plaintiff relies as a contract, this compound had not been identified by name. Later it was identified, and defendant now asks that the letter be reformed because there was never any intention that plaintiff should have any right to commissions on several "coal treating compounds," which he now claims. In support of its motion to dismiss the first counterclaim, plaintiff relies heavily on Donald Friedman & Co. v. Newman, 255 N.Y. 340, 174 N.E. 703, 73 A.L.R. 95. That decision was rendered, not on the pleadings but after a trial. Plaintiff was a dealer in bank and insurance company stock. As a result of telephone negotiations it agreed to sell defendant 10 shares of stock. It then sent him a paper called a "Confirmation of Sale." Later, it refused to carry out the transaction because, as it said, the price was incorrectly recited in the memorandum. Defendant sued for damages; plaintiff sued for reformation. The actions were consolidated and tried, and the Special Term found as a fact that the price was as stated by the defendant. Thereupon it dismissed plaintiff's complaint for reformation, and gave defendant a judgment for damages.

On appeal, 230 App.Div. 103, 243 N.Y.S. 408, the Appellate Division reversed the key finding of fact, and held that the memorandum did not properly reflect the transaction. It then proceeded to reform it.

The Court of Appeals said that the Appellate Division, as the ultimate trier of the facts, properly reversed the finding upon which the disposition of the case turned. But the Court pointed out that the paper, as its caption indicated, ("Confirmation of Sale") did not even purport to be a contract, but was merely a memorandum. Since the transaction was within the scope of the statute of frauds, the Court of Appeals held that the Appellate Division had no right to reform it. The Court went further and said, 255 N.Y. at page 347, 174 N.E. at page 706, 73 A.L.R. 95: "Equity has at times power to reform an instrument which conclusively embodies the intent of the parties; it has no power to reconstitute an evidentiary writing."

The final outcome was the dismissal of both the complaint and the counterclaim. It is upon the sentence quoted above that plaintiff relies in that branch of its motion which is addressed to the first counterclaim.

■■■ The weakness in plaintiff's position ought to be apparent. In the Friedman case, supra, the facts had all been found by the ultimate trier of the facts. It was practically undisputed that the paper which the Appellate Division undertook to reform was a mere evidentiary writing. In this case, on the other hand, the plaintiff himself asserts that the paper is not a piece of evidence but a contract. Defendant evidently is not sure. It has therefore, as I have suggested in my outline of its affirmative defenses, framed its pleading in the alternative as I think it may do under Federal Rules of Civil Procedure, rule 8 (e) (2), 28 U.S.C.A. following section 723c. It may be said that whether or not the paper is a contract presents a pure question of law, or at least should. But I don't think that is so here; I think it is a mixed question of law and of fact. If I am right in this I should not undertake to determine the matter in advance, and preclude defendant even from asserting its counterclaim. Plaintiff says plainly the paper is a contract. If he is right, then perhaps under the Friedman case, defendant may have a claim upon which reformation can be granted. Even if it is difficult for me to see how failure to identify a commodity can be considered at law a mistake which would entitle defendant to reformation I should let the pleading stand. At least this is my interpretation of the rules.

■■■ I have said that in its second counterclaim defendant points to a controversy between the parties whether the letter (if it be a contract) is terminable at will. Defendant seeks a declaratory judgment that it is. Plaintiff says that this is not a proper pleading, that it is merely added "for

good measure" (citing Meeker v. Baxter, 2 Cir., 83 F.2d 183; Hann v. Venetian Blind Corporation, D.C., 15 F.Supp. 372; cf. Slowmach Realty Corporation v. Leopold, 236 App.Div. 330, 258 N.Y.S. 500). I can easily see that in a litigation which is bound to result in one of two ways, and where either result will set the matter at rest forever, then defendant, under the guise of invoking the declaratory judgment statute, should not be permitted to say in substance that he wants a judgment in his favor, and no more. At least, this is the strong intimation in the opinion of Judge Learned Hand in the Meeker case, supra. That was a case where a receiver was enforcing the statutory liability of stockholders of an insolvent bank. There were three very shadowy defenses. These had been stricken by the District Court, but with leave to plead over. The portion of the appeal that dealt with these was therefore dismissed. But the District Court had treated these defenses as good enough to support a claim in defendants' answer that they were entitled to a bill for discovery. The holding was that counterclaims asking a bill for discovery are invalid on their face, where the defenses to which they are ancillary are demurrable. Incidentally, and at the end of the opinion, Judge Hand points out that when the parties have locked horns, and are demanding forcible sanctions, there is no room for judicial declarations separate from those implicit or expressed in the final judgment. The wisdom of that rule is clear. But it is not easy to apply it here. The locking of horns is not so apparent. Among other things, defendant emphasizes that in his amended complaint plaintiff seems to say that regardless of the outcome of this action, he will bring others. (complaint, par. 8). He disclaims anticipatory damages for purpose of this lawsuit, but the disclaimer is couched in terms that might well lead to a fear on defendant's part of further litigation, even if it prevails here. And so the theory of defendant's second counterclaim is, that it may be able to set at rest the spectre of continued litigation by a judicial determination that, in law, the contract was terminable at will. I acknowledge that this is thin. But in the interest of ending this litigation once and for all I think it is better to permit the defendant to assert claims which, on the surface of the pleadings at least, may seem vague, than it would be to leave such matters open.

It can be said that the disposition I have made here may result in a trial at which court and counsel alike will have difficulty knowing what the issues really are. And it is no answer to say that the litigants themselves brought about this result. To be sure, they gravely prepared, and one of them executed, a writing to which both of them are now reluctant to give a name. And that writing is the basis for the lawsuit. But regardless of who produced the confusion, it seems to me that the interests of justice require a disposition at one trial of all the contentions that ingenuity can suggest to the parties.

The motion to make the answers to the interrogatories more specific.

■ On the argument I said that to the extent defendant's motion involved interrogatories Nos. 1, 2 and 4 I would deny it. I adhere to that decision, because it seems to me that the answers are quite clear.

■ Interrogatory No. 5 asks whether plaintiff claims commissions on "sales materializing through his efforts." Plaintiff says that he does, and to the extent that he can, he enumerates the customers whom he says he secured, or tried to secure. This is quite specific.

■ I think plaintiff can give a better answer to interrogatory No. 6. He is asked to say over what period he performed his contract and what he did, and he contents himself with saying he did everything required. This contributes nothing.

■ Interrogatory No. 8 asks plaintiff to say what the consideration for his commissions was, and he quotes from a letter signed by the defendant. I take this to mean that he intends to rely upon this letter (October 19, 1934). If he does, then the answer is sufficient.

■ Defendant seeks to elicit under interrogatory No. 9 the dates and places, when and where plaintiff rendered service to defendant, and who requested that service.

Plaintiff's answer is very vague. To the extent that he can, he should supply dates and places, and if he cannot he should say so.

Under interrogatory No. 10 plaintiff is asked to furnish copies of writings passing between the parties relating to the subject matter of the action. In his answer, plaintiff says that various writings passed, that he has files in his possession and that defendant's attorneys can look at them. Of course, this is no answer at all. Plaintiff is being asked to take a position, and he does not do this when he invites the defendant to look at his files.

I deny the application to dismiss the counterclaim. I grant the application to make the answers to the interrogatories more specific, as I have indicated.

Settle orders on notice.