**JOSEPH et al. v. CITY OF RANGER.**

No. 2518.

Court of Civil Appeals of Texas. Eastland.

July 6, 1945.

Rehearing Denied July 26, 1945.

Earl Conner, Sr., of Eastland, for appellants.

Frank Sparks, of Eastland, for appellee.

LONG, Justice.

Plaintiff City of Ranger instituted this suit against defendants D. Joseph, Sarifee Joseph, American National Insurance Co. and James W. Anderson, for taxes assessed for the years 1939, 1940, 1941 and 1942 against certain real estate situated in said city.

Defendant American National Insurance Company answered by general exception and general denial. The defendant J. W. Anderson answered by general denial and disclaimer of any interest in the real estate involved. Defendants D. Joseph and Sarifee Joseph filed an original answer, a first amended original answer and a second amended original answer. By their second amended original answer they sought to have the Court enter a declaratory judgment on one issue alone, that issue being the authority of the City of Ranger to levy and assess an ad valorem tax at a rate for any one year in excess of $1.50 per $100 value of the property assessed (it being alleged that the City of Ranger has a population of less than 5,000), and to have the other issues involved segregated and held in abeyance pending determination of this issue. In addition to their allegations and prayer for a declaratory judgment, the said defendants D. and Sarifee Joseph answered by general denial and alleged that the taxes involved were invalid and void upon several grounds: (1) That the taxing authorities of the City of Ranger did not levy taxes on defendants' property that were equal and uniform with levies made on other property within the city; (2) that the values placed on the property were excessive and above the cash market value;

(3) that the City of Ranger had less than 5,000 population at all times herein involved and had no authority to levy taxes in excess of $1.50 per $100; (4) that there was no equalization board acting for the City of Ranger, and that the city authorities acted for such board without lawful authority; (5) that the property involved was not assessed at the time required by law; (6) that the equalization board for the year 1939 heard no evidence as to the value of the property involved, other than D. Joseph, and was bound by such evidence; (7) that the valuation and assessments of said property were fixed by arbitrary and discriminatory methods.

Upon hearing of said petition asking for a declaratory judgment, the Court entered its judgment and held that the City of Ranger had the lawful right under the Constitution and laws of the State and its charter to levy a tax rate against the property of defendants for each of the years involved for $2.50 for each $100 valuation of said property. It was provided therein that the judgment in no wise precluded defendants from urging any other lawful defenses as set forth in their pleadings, but were precluded from attacking the $2.50 rate. The judgment did not in any way dispose of plaintiffs' cause of action as alleged, or of any of defendants' defensive issues plead, except the one attacking the tax rate.

Defendants excepted to said judgment and gave notice of appeal to this court.

This judgment was attempted to be taken under the Uniform Declaratory Judgment Act, Acts 1943, 48th Leg., p. 265, ch. 164, Vernon's Ann.Civ.St. art. 2524—1. We have concluded from a careful examination of the law that the Declaratory Judgment Act was never intended to apply to cases then pending in court. Jefferson County ex rel. Coleman v. Chilton, 236 Ky. 614, 33 S.W.2d 601; 87 A.L.R. 1220, 1221.

We believe the court is not authorized to enter a declaratory judgment, unless the controversy between the parties thereto will be ended, or when such judgment will serve a useful purpose. In this case the declaratory judgment as entered by the court will not end the controversy, for the reason there are a number of other issues involved in the case that will have to be determined before a final judgment can be entered therein. It was never the purpose of the Declaratory Judgment Act

to allow a case to be tried by piecemeal. Aetna Casualty & Surety Co. v. Quarels, 4 Cir., 92 F.2d 321. There was no necessity for a declaratory judgment, and such judgment will serve no useful purpose. The parties were all before the court. They had joined issues upon all questions involved in the law suit. There was nothing to prevent the court from proceeding to trial upon all of the issues and from rendering a final judgment in the case. "The rule that a declaratory judgment proceeding will not be entertained where another remedy is available is especially applicable where another appropriate action involving the same subject matter and issues is already pending when the declaratory judgment proceeding is commenced." 1 C.J.S. Actions, § 18, p. 1029.

As was said in the case of Meeker v. Baxter, 2 Cir., 83 F.2d 183, and at page 187 we quote: "To the prayers for relief one is added for a declaratory judgment, apparently for good measure. The defendants misapprehend the purpose of that relief; it is only a kind of expanded bill quia timet, meant to do in general what that suit did in its limited field. When the parties as here have once locked horns and are demanding forcible sanctions, there is no longer room for judicial declarations separate from those which will be implicit or express in the final judgment or decree."

For other cases in point, we cite Slowmach Realty Corporation v. Leopold, 236 App.Div. 330, 258 N.Y.S. 500; James v. Alderton Dock Yards, 256 N.Y. 298, 176 N.E. 401; Piedmont Hotel Co. v. A. E. Nettleton Co., 241 App.Div. 562, 272 N.Y.S. 573; Colson v. Pelgram et al., 259 N.Y. 370, 182 N.E. 19; Woollard v. Schaffer Stores, 272 N.Y. 304, 5 N.E.2d 829, 109 A.L.R. 1262.

■■ Further, there can be no appeal from a judgment that is not final. Tally v. Texas Employers' Ins. Ass'n., 129 Tex. 134, 102 S.W.2d 180. The judgment as entered in this case is not final for the reason that it does not dispose of all of the issues involved in the litigation. 3 Tex.Jur. §§ 54, 56 and 57; Gathings v. Robertson et al., Tex.Com.App., 276 S.W. 218.

■ The record discloses that all of the parties to the suit agreed that so far as the declaratory judgment was concerned, the only issue to be determined was the tax rate, and that the other issues involved were segregated from such issue. However, we do not believe that this agreement confers jurisdiction upon this court. As we understand the law, jurisdiction cannot be conferred by agreement of the parties. Shield v. First Coleman Nat. Bank of Coleman, Tex.Civ.App., 160 S.W.2d 277; 3 Tex.Jur. p. 80, sec. 33.

We deem it our duty under the law to dismiss the appeal in this case without prejudice to the rights of any of the parties thereto from proceeding to trial upon all issues of law and fact involved therein. It is so ordered.