Lorene OFFER, Next Friend of Russell Bell, Jr., Minor, Appellant,

v.

Fred BELL, Jr., et al., Appellees.

No. 14434.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 17, 1965.

Maxwell Burket, San Antonio, for appellant.

Pat Maloney, J. C. Grossenbacher, Jr., San Antonio, for appellee.

CADENA, Justice.

Lorene Offer, as next friend of her minor son, Russell Bell, Jr., (hereinafter referred to as "Russell, Jr.") prosecuted this appeal from an order of the district court dismissing a writ of certiorari and declining to review certain orders of the County Court of Bexar County, Sitting in Probate.

The controversy between the parties to this appeal involves the estate of Frederick F. Bell, Sr. (hereinafter sometimes called the "decedent"), and the estate of his surviving spouse, Lillian Bell, N. C. M. (hereinafter called "Lillian"), who is presently a patient at the San Antonio State Hospital.

During his lifetime, the decedent, Frederick F. Bell, Sr., was the guardian of the person and estate of his wife, Lillian. Frederick F. Bell, Sr., died in 1955, leaving a will in which his son, Frederick Bell, Jr., one of the appellees, was named independent executor. According to the appraisement filed in the Probate Court, the value of the decedent's estate was in excess of $107,000.00. The will directed the independent executor to establish from the assets of the estate a fund of $15,000.00 for the purpose of supporting Lillian during her natural life, and, inter alia, bequeathed to the decedent's grandson, Russell, Jr., one-eighth of the remainder of the estate.

Upon decedent's death his son, Fred Bell, Jr., became guardian of the person and estate of decedent's surviving spouse, Lillian. This guardianship was closed by an order of the Probate Court on March 31, 1959, and the guardian and his sureties were discharged.

In October, 1964, Marion J. Borchers, Esq., was appointed guardian ad litem of Lillian for the purpose of taking all steps necessary to protect Lillian's estate, to locate and safeguard the fund of $15,000.00 which the will of decedent directed be established for her support, and to determine what happened to the property of the decedent, in order that Lillian and other beneficiaries might receive the property left to them under such will.

In November, 1964, Lorene Offer was appointed guardian ad litem of her minor son, Russell, Jr., for the purpose of locating, taking possession of, and safeguarding the property left to the minor under the terms of decedent's will. Thereafter, Lorene Offer filed applications to require the independent executor of the will to file a sworn exhibit of the decedent's estate and to require that such executor, Fred Bell, Jr., post a good and sufficient bond. Borchers, guardian ad litem of Lillian, intervened in this proceeding.

On December 30, 1964, the County Court entered an order reciting that it had no jurisdiction to require an independent executor to file a sworn exhibit of the decedent's estate or to give bond, and setting aside its order appointing Borchers guardian ad litem of the person and estate of Lillian.

Fred Bell, Jr., on February 10, 1965, filed a contest of the appointment of Borchers as temporary guardian of Lillian. Lorene Offer, as guardian of Russell, Jr., filed a plea of intervention, opposing the removal of Borchers.

On March 18, 1965, the County Court amended, nunc pro tunc, its order of December 30, 1964, by adding thereto a para-

graph setting aside the appointment of Lorene Offer as guardian of Russell, Jr. On March 19, 1965, the County Court entered an order setting aside the appointment of Lorene Offer as guardian ad litem of Russell, Jr.; setting aside the appointment of Borchers as guardian of Lillian, and appointing J. C. Grossenbacher, Jr., one of the appellees herein, temporary guardian of the person and estate of Lillian.

On May 12, 1965, Lorene Offer, as next friend of Russell, Jr., filed in the 73rd District Court of Bexar County an application for a writ of certiorari for the purpose of obtaining review of the actions of the County Court in (1) holding that it lacked jurisdiction to require the independent executor, Fred Bell, Jr., to file a sworn exhibit of the estate·of the decedent and to give a bond; (2) setting aside the appointment of Borchers as guardian of Lillian; (3) setting aside the appointment of Lorene Offer as guardian ad litem of her minor son, Russell, Jr., and (4) naming Grossenbacher as temporary guardian of Lillian. The application prayed that on trial de novo the independent executor of the decedent's estate be required to give bond or, in the alternative, that he be removed and a receiver of the estate be appointed by the district court; that the order of the County Court setting aside the appointment of Borchers as guardian of Lillian be rescinded; and that Borchers be made permanent guardian of the person and estate of Lillian. The application also contained a prayer that the challenged orders of the County Court be superseded.

The District Judge directed that the writ of certiorari issue and that, upon the filing of a prescribed bond by the applicant, the challenged orders of the County Court be superseded pending trial de novo. The required bond was filed and on May 13, 1965, the district clerk issued the writs of certiorari and supersedeas.

Fred Bell, Jr., the independent executor of decedent's estate, and Grossenbacher, who had been appointed temporary guardi-

an of the person and estate of Lillian by one of the challenged orders of the County Court, filed separate answers containing pleas in abatement. Grossenbacher sought to have the writ of certiorari dismissed on the grounds that Russell, Jr., was not an interested person in the estate of Lillian, the N. C. M., and that the sureties of Grossenbacher had not been made parties to the proceedings in the district court.

On June 1, 1965, the District Judge entered an order sustaining the plea in abatement filed by Grossenbacher. This order, after reciting that Russell, Jr., was·not an interested party in the estate of Lillian, decreed that the application for certiorari filed by Lorene Offer, as next friend of Russell, Jr., "insofar as it relates to the temporary guardianship of the Person and Estate of Lillian Bell, N. C. M., is hereby dismissed." This order further found that Borchers was disqualified to act as temporary guardian of Lillian and removed him from such position. Finally, the District Judge decreed that "so much of the order of this court entered on May 12, 1965, superseding the orders and judgments of the County Court of Bexar County, Texas, Sitting in Probate, is hereby vacated and set aside and held for naught; and J. C. Grossenbacher, Jr., is hereby ordered restored as Temporary Guardian of the Person and Estate of Lillian Bell, N. C. M., with full powers and authority as heretofore granted to him by orders and judgments of the County Court of Bexar County, Texas."

It is from this order that Lorene Offer, as next friend of Russell, Jr., prosecuted this appeal.

■ It is apparent from the above recital that the district court has not entered a final judgment from which an appeal will lie. The proceedings in the district court sought several forms of relief. In the first place, appellant sought judgment requiring Fred Bell, Jr., independent executor of the decedent's estate, to give bond or, in the

alternative, that he be removed. In the second place, appellant prayed that the order of the County Court removing Borchers as guardian of Lillian and naming Grossenbacher as such guardian, be overturned and that Borchers be appointed permanent guardian of Lillian. The district court, by the order from which this appeal has been taken, merely dismissed the writ of certiorari insofar as it related to questions concerning the estate of Lillian. No action whatever has been taken in connection with the attempt by appellant to secure a judgment requiring Fred Bell, Jr., executor of the decedent's estate, to give bond, or, in the alternative, that he be removed. The order appealed from expressly recites that it is the plea in abatement of Grossenbacher which was sustained. No determination has been made of the plea in abatement filed by Fred Bell, Jr. The order resolves no issues relating to the estate of the decedent, Frederick F. Bell, Sr., as distinguished from the estate of Lillian Bell, N. C. M.

In order for a judgment to be final, in the sense that it is appealable, it must determine the whole case, dispose of all matters involved in the suit, and determine the rights of all parties. Unless a judgment meets these requirements, it is interlocutory and non-appealable. Linn v. Arambould, 55 Tex. 611 (1881). The judgment in question does not determine the entire case, since it makes no disposition of questions relating to the estate of the decedent. It does not dispose of all matters involved in the suit, since it does not dispose of appellant's demand that the independent executor of such estate be required to give bond or, in the alternative, that he be removed. It does not determine the rights of all parties.

The finality, and hence the appealability, of a judgment does not depend on whether the action is severable as to issues, as to parties, or as to causes of action. If a judgment does not dispose of all parties and issues in the pending suit it is interlocutory and not appealable unless the trial court has ordered a severance of the issues and parties disposed of from the remaining unresolved and undetermined portions of the case. Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200 (1959). Here there has been no severance of the issues relating to the estate of Lillian from the unresolved issues relating to the estate of the decedent.

Since the judgment appealed from is not final, the appeal is dismissed.