**Harold James McCORMICK et al., Appellants,**

v.

**Irene Susan HINES et al., Appellees.**

**No. 8418.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 10, 1973.

C. J. Humphrey, Amarillo, for appellants.

Hugh L. Umphres, Jr., Culton, Morgan, Britain & White (W. F. Countiss), Amarillo, for appellees.

REYNOLDS, Justice.

The lack of finality of the judgment removing trustees from office dictates the dismissal of this appeal.

Harold James McCormick, Genevieve C. Lemons and Charles H. Hines, Jr., were the named, qualified and acting trustees of the Susan McCormick Testamentary Trust, the principal office of which was in Wheeler County, Texas. The three trustees executed a written instrument which provided that, contingent upon certain con-

ditions, the trustees ". . . will resign . . . as Trustees . . . and request the District Court to appoint the Trust Department of a reputable bank suitable to the undersigned (trustees) as successor Trustee." Thereafter, the three trustees filed their application in the District Court of Wheeler County to ". . . expressly tender their resignation as Trustees . . . and request that this Court appoint the First National Bank of Tulia, Tulia, Texas, as successor trustee . . ." pursuant to its consent to serve. The prayer was that the court accept the resignation of all trustees and, upon such acceptance, to appoint the First National Bank of Tulia, Texas, as successor trustee. Before the court acted on the application, two of the trustees, Harold James McCormick and Genevieve C. Lemons, moved to withdraw their application of resignation, and the court entered an order dismissing the application as to them.

Following this action, the other trustee, Charles H. Hines, Jr., and five of the beneficiaries of the trust brought this suit in Potter County, Texas, against trustees Harold James McCormick and Genevieve C. Lemons, seeking specific performance of the written instrument. A plea of privilege filed by the two defendant trustees was overruled and the venue order was affirmed on appeal in McCormick v. Hines, 498 S.W.2d 58 (Tex.Civ.App.—Amarillo 1973, writ dism'd), in which the factual background to this litigation is further particularized.

While the venue appeal was wending its way through the appellate process, the District Court of Potter County, pursuant to a hearing, entered its judgment reading in part:

"WHEREUPON, this cause proceeded to trial on the merits, and . . . the Court finds . . . that the plaintiffs are entitled to judgment specifically enforcing defendants' written agreement to resign as trustees of the Susan McCormick testamentary trust and written agreement to request the appointment by a District Court of a Trust Department of a reputable bank suitable to such trustees as a successor trustee, and it further appearing to the Court that all three of the trustees of said trust were parties to said written agreement and did in fact agree upon the First National Bank, located in Tulia, Texas, as such successor trustee, and that said Bank is agreeable to the acceptance and administration of such trust . . . .

"IT IS THEREFORE FURTHER ORDERED, ADJUDGED AND DECREED such written agreement to resign and seek the appointment of a successor trustee should be specifically enforced against all three of said trustees and that their respective resignations should be contemporaneous."

\*     \*     \*     \*     \*     \*

"IT IS THEREFORE FURTHER ORDERED, ADJUDGED AND DECREED that Charles H. Hines, Genevieve Lemons, and Harold J. McCormick be and they are hereby removed from their respective offices as trustees of the Susan McCormick Testamentary Trust;

"IT FURTHER APPEARING TO THE COURT that the foregoing action of the Court leaves the Susan McCormick Testamentary Trust without a trustee and that a trustee of said trust is necessary and that this Court has jurisdiction to appoint such trustee, but that the defendants have indicated a desire to appeal from this judgment.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, for the purpose of appointing a successor trustee of said trust, this Court shall retain jurisdiction of this cause to abide such appeal or until this judgment becomes final and that this judgment be a final judgment as to all matters, save and except such appointment of a successor trustee, which shall be appointed by the Court after the judgment herein becomes final on appeal."

Defendants Harold James McCormick and Genevieve C. Lemons appealed, but the judgment was not superseded. Upon verified motion with supporting documents evidencing that the two defendants were continuing to perform as trustees despite the unsuperseded judgment, this court issued an order temporarily restraining the defendants from trustee activity. Defendants agreed to abide by the restraining order pending the determination of further injunctive relief.

■ The parties briefed and argued their respective contentions concerning the merits of the appeal and the restraining order; but, until submission, neither party questioned the finality of the judgment entered, albeit there is an oblique reference thereto in one of the appealing defendants' points of error. At submission, it became evident that the finality of the judgment, and thus its appealability, must be determined, for the matter of the jurisdiction of this court over the appeal is fundamental and we may not ignore it. Lamka v. Townes, 465 S.W.2d 386 (Tex.Civ.App.— Amarillo 1971, writ ref'd n. r. e.).

■ With certain statutory exceptions not material here, the settled rule in Texas since the decision in Gulf, C. & S. F. Ry. Co. v. Fort Worth & N. O. Ry. Co., 68 Tex. 98, 2 S.W. 199, 3 S.W. 564 (1886), is that an appeal will lie only from a final judgment and, for a judgment to be final, it must dispose of all parties and of all issues in the suit. Davis v. McCray Refrigerator Sales Corp., 136 Tex. 296, 150 S.W. 2d 377 (1941); North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.1966). In determining whether all the issues were disposed of by the judgment, the pleadings must be taken into account, Ferguson v. Ferguson, 161 Tex. 184, 338 S.W.2d 945 (1960), and, obviously, a judgment disclosing on its face that the court has reserved some issue for further action until a later date is not final. Green v. Green, 247 S.W.2d 583 (Tex.Civ. App.—Dallas 1952, no writ); Smith v.

Monroe, 2 S.W.2d 929 (Tex.Civ.App.—El Paso 1928, no writ). Moreover, except as otherwise provided by law, there can be only one final judgment from which an appeal will lie. Rule 301, Texas Rules of Civil Procedure.

■ In the case at hand, the pleadings raised, and required resolution for final disposition of the entire controversy, the initial issue of the removal of the trustees and, if so decreed, the resultant issue of appointment of a successor trustee. The judgment disposed of the first issue, but specifically reserved the latter necessary issue for later determination. No severance was ordered. The relief prayed for in plaintiffs' suit was not granted since the court did not appoint a successor trustee. When the trustees were removed, the trust ceased to function, and appointment of a trustee becomes indispensable to a resolution of the entire controversy. The judgment shows on its face that the issue was reserved and that another hearing and judgment are necessary to determine that issue, thereby involving the judicial powers, as opposed to the ministerial acts, of the judge. Clark v. Finley, 93 Tex. 171, 181, 54 S.W. 343, 347 (1899). To hold this judgment to be final would be to sanction two final judgments in the case in view of the later decree to be entered on a necessary issue.

■ It seems more readily apparent that the judgment was entered as a result of a separate trial of a separate issue contemplated by Rule 174, T.R.C.P. However, the separate trial provided by the rule results in an interlocutory order from which no appeal is authorized. Laurie v. Stabel, 482 S.W.2d 652 (Tex.Civ.App.—Amarillo 1972, no writ).

Where, as here, future action by the court will be necessary in order to settle and determine the entire controversy, the judgment is not final. Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890 (1956). And if, as here, no final judgment has been entered so as to confer jurisdic-

**336**

tion over the appeal, it is our duty to dismiss the appeal on our own motion. Kirkland v. Martin, 376 S.W.2d 819 (Tex.Civ. App.—Amarillo 1964, no writ). Not having acquired jurisdiction of the appeal, a fortiori this court had no jurisdiction to issue the temporary restraining order.

The temporary restraining order is set aside; the appeal is dismissed.