**HOWARD GAULT & SON, INC., Appellant,**

v.

**The FIRST NATIONAL BANK OF HEREFORD, Texas, et al., Appellees.**

**No. 8523.**

Court of Civil Appeals of Texas, Amarillo.

May 19, 1975.

Jack Hazlewood, Amarillo, for appellant.

Witherspoon, Aikin, Langley, Woods, Kendrick & Gulley, Thomas W. Kendrick, Shuval & Saul, Andrew J. Shuval, Hereford, for appellees.

ELLIS, Chief Justice.

This suit was instituted by Howard Gault & Son, Inc., plaintiff-appellant, against three defendants, T. B. Thomas, Jr., The First National Bank of Hereford, Texas, and Pitman Grain Company, upon a claim involving the plaintiff's alleged failure to receive the proceeds derived from the sale of grain grown on land owned by the plaintiff, sold by defendant Thomas to defendant Pitman who delivered its check therefor to Thomas who negotiated the check at defendant Bank. The trial court entered a take-nothing judgment in favor of the Bank and Pitman and awarded plaintiff judgment against defendant Thomas for the amount of the proceeds of the check together with certain sums on other claims by the plaintiff against Thomas. The judgment against Thomas was set aside and he was granted a new trial. By this appeal the plaintiff-appellant challenges the take-nothing judgment entered by the trial court in favor of the Bank and Pitman. Appeal dismissed.

Defendant Thomas and plaintiff Howard Gault & Son, Inc., hereinafter referred to as Gault, entered into a written agreement whereby Thomas would farm certain land owned by Gault. The parties were to share certain expenses and benefits with respect to the farming operations. Gault contended that all proceeds from the crops grown were to be delivered to it, and that the accounting between the parties would be accomplished at the end of each year in accordance with the terms of their agreement. A grain crop was harvested and a portion thereof sold to defendant Pitman Grain Company, hereinafter referred to as Pitman, who issued a check payable to "Thomas and Gault." Thomas received the check and negotiated it by endorsement,

"Thomas and Gault
T. B. Thomas,"

to defendant, The First National Bank of Hereford, hereinafter referred to as the Bank. The amount of this check was deposited to the personal account of Thomas and the Bank deducted the sum of $13,591.-93, the amount of the check, from the account of Pitman. Later Thomas used approximately $10,000.00 of the proceeds of the check to pay a personal note which he owed to the Bank. Gault obtained a writ of garnishment against the Bank as to the sum of $3,573.20 which remained on deposit in Thomas' account with the Bank.

In the suit against the Bank, Pitman and Thomas, Gault alleged, among other matters, that Thomas was not authorized to negotiate the check and not entitled to the proceeds thereof independently of the accounting pursuant to their farming agreement. In addition, it was alleged that the endorsement was not effective; therefore, the Bank was not authorized to pay out the funds to Thomas and Pitman was still liable to it for the price of the grain. Gault also included in its suit against Thomas a claim for recovery on promissory notes, expenses and advances in the amount of $41,218.19 reduced by Thomas' share of farm income of $29,855.72 pursuant to the

farming agreement with a resultant balance allegedly owed to Gault by Thomas of $11,362.40 plus the $13,591.93 amount representing the proceeds from the sale of the grain.

Originally, an interlocutory judgment by default was entered against Thomas and later set aside when it was determined that he had timely filed a general denial in answer to Gault's petition and Thomas was permitted to participate in the trial before a jury. Thomas represented himself in the trial. At the time Gault rested its case, Pitman's motion for an instructed verdict was granted. The cause as to the Bank and Thomas was submitted to the jury who returned a verdict to the effect that Thomas was not indebted to Gault and that the Bank did not act in bad faith in accepting the check in question. Gault filed a motion for judgment non obstante veredicto as to both defendants. The trial court denied the motion as to the Bank and granted such motion as to Thomas, entering judgment against Thomas for the sum of $20,837.02, which included the $13,591.93 proceeds from the check. Thomas filed a motion to set aside the judgment against him and for a new trial, and Gault filed a motion seeking a new trial as to the Bank and Pitman in the event Thomas was awarded a new trial. Thomas' motion to set aside the judgment and for new trial was granted. Gault's motion for new trial as to Pitman and the Bank was overruled. Gault seeks to appeal only from that portion of the judgment relating to the Bank and Pitman.

By the pleadings on which this cause went to trial Gault bases his claim of the $13,591.93 against the three defendants upon three theories of recovery. The claim is made against the Bank upon a theory of conversion; against Thomas, along with other claims, upon breach of contract; and against Pitman for non-payment for the grain received. Each of the claims is predicated upon the assumption that Thomas was not authorized to negotiate the

check in question or directly receive the proceeds therefrom. It is noted that Gault alleges liability against the Bank and Pitman as being both "joint" and "joint and severally" for the sum of $13,591.93; however, the claim of liability for the same $13,591.93 against Thomas is only alleged to be jointly with the other defendants.

Initially, the question arises as to whether this court has jurisdiction over this appeal since it appears from the record that one of the parties has not been disposed of by the judgment. In order for this court to have jurisdiction of the appeal, it must be brought from a final judgment since this proceeding does not come within any exceptions to the general rule which would authorize an appeal from an interlocutory order. See 3 Tex.Jur.2d, Rev. Appeal & Error § 73 (1974); Articles 1822 and 2249, Vernon's Ann.Civ.St. A judgment is considered final only if it determines the rights of the parties and disposes of all of the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890 (1956); Lubell v. Sutton, 164 S.W.2d 41 (Tex.Civ.App.—Texarkana 1942, writ ref'd). Further, when there are several defendants to a suit ordinarily no final judgment can be rendered against one until it is rendered against all, regardless of how independent their respective defenses may be. Sisttee v. Holland, 374 S.W.2d 803 (Tex.Civ.App.—Tyler 1964, no writ); Wootters v. Kauffman, 67 Tex. 488, 3 S.W. 465, 468; Texas Bank & Trust Co. of Dallas v. Clay, et al., 257 S.W.2d 774 (Tex.Civ.App.—Texarkana 1953, no writ). The granting of the new trial as to Thomas necessarily indicates that all of the parties have not been disposed of by the trial court, and no order of severance has been entered in this case. Also, it has been held that when a new trial is granted as to some of the parties, the original judgment becomes interlocutory. Long v. Garnett,

45 Tex. 400 (1876). In the absence of severance no appeal will lie for the party against whom an interlocutory judgment has been entered until it is a final judgment disposing of the whole case. Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 159 Tex. 550, 324 S.W. 2d 200 (1959); Sears v. Mund Boilers, Inc., 328 S.W.2d 199 (Tex.Civ.App.—Texarkana 1959, writ ref'd).

The judgment entered in this case disposes of only the two parties, Pitman and the Bank, and orders a separate new trial as to Thomas. The controversy involves the liability as to the same subject matter, the proceeds of the $13,591.93 check. Severance cannot be accomplished by implication, but there must be an order for a severance in order that a final appealable judgment may be rendered. See Permian Mud Service, Inc. v. Sipes, 357 S.W.2d 803 (Tex.Civ.App.—Eastland 1960, no writ) and authorities cited therein. Further, our Supreme Court has stated, " . . . we do not think the finality and hence the appealability of a judgment should be made to turn upon whether the action is severable as to issues, as to parties, or as to causes of action." Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., supra. Also, see Myers v. Smitherman, 279 S.W.2d 173 (Tex.Civ. App.—San Antonio 1955, no writ).

In the instant case, the trial court unquestionably had jurisdiction of all the parties related to this controversy and who had an interest in the subject matter of the litigation. No severance was sought or ordered. Therefore, in order for the judgment to be final in the sense that it is appealable, it must determine the whole case, dispose of all matters and determine the rights of all parties. The judgment entered here does not dispose of all the parties and issues and is interlocutory and not appealable. See McCormick v. Hines, 503 S.W.2d 333 (Tex.Civ.App.—Amarillo 1973, no writ); Offer v. Bell, 397 S.W.2d 278 (Tex.Civ.App.—San Antonio 1965, no writ); Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., supra.

A party against whom an interlocutory judgment has been rendered has the right of appeal when and not before the same is merged in a final judgment disposing of the whole case. Transport Ins. Co. v. Wheeler, 420 S.W.2d 635 (Tex. Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.); Myers v. Smitherman, supra. The proper procedure for an appellate court to follow where a party has attempted a premature appeal is for such court to dismiss such appeal on its own motion. Clayton Mfg. Co. v. Flake Uniform & Linen Service, Inc., 451 S.W.2d 934 (Tex.Civ.App.—Fort Worth 1970, no writ); Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., supra; Duke v. Gilbreath, 10 S.W.2d 412 (Tex. Civ.App.—Eastland 1928, writ ref'd); Plaster v. Texas City, 380 S.W.2d 137 (Tex.Civ.App—Tyler 1964, no writ).

In view of the foregoing, it is our opinion that the judgment sought to be appealed from is interlocutory in nature and no appeal will lie to this court based upon the actions taken. Accordingly, this appeal should be dismissed without prejudice to the rights of a party to perfect its appeal from any final appealable judgment subsequently entered in this cause.

This court being without jurisdiction, the appeal is dismissed.