**Mike MONCRIEF, County Judge, et al., Appellants,**

v.

**Marshall TATE et al., Appellees.**

No. 17981.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 2, 1978.

Tim Curry, Dist. Atty., and Joe Lockhart and Cue L. Lipscomb, Asst. Dist. Attys., Fort Worth, for appellants.

Steves, Morgan & Harper, James Henley Morgan, Fort Worth, for appellees.

OPINION

SPURLOCK, Justice.

Plaintiffs were civil service employees of Tarrant County, Texas. They were discharged from their positions as janitors-custodians at the end of 1976 on the theory that such employees' positions were being abolished, whereas the Commissioners Court at the same time entered into a contract with an independent contracting firm to perform the same duties that had previ-

ously been performed by these county employees. The employees attempted, but failed to obtain relief through the Civil Service Commission. then, the employees filed suit in district court. This suit was filed as an appeal from the ruling and order of the Civil Service Commission and sought relief by way of declaratory judgment for reinstatement with back pay.

The trial court rendered judgment in pertinent part that:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiffs . . . (names deleted from this quotation) . . . be reinstated to their Civil Service positions with Tarrant County with back pay to be calculated at rates prevailing for their respective classifications and grades during their absence from employment plus interest thereon at six (6%) per cent per annum from date of judgment *minus an amount for any pay period earned from other regular employment during that pay period* and that the costs of this suit be taxes (sic) against the Defendant, TARRANT COUNTY." (Emphasis added.) Defendants have attempted an appeal from this judgment.

At the outset, we are confronted with the question as to whether the judgment in this case is a final judgment. This is crucial because there can only be one final judgment in a case from which an appeal will lie (with certain exceptions, none of which apply here). Tex.R.Civ.P. 301.

In dismissing the appeal in *McCormick v. Hines*, 503 S.W.2d 333 (Tex.Civ.App.—Amarillo 1973, no writ), the court wrote: "[O]bviously, a judgment disclosing on its face that the court has reserved some issue for further action until a later date is not final." The court further wrote: "Where, as here, future action by the court will be necessary in order to settle and determine the entire controversy, the judgment is not final." *Id.* at 335.

In dismissing the appeal in *Howard Gault & Son, Inc. v. First National Bank*, 523 S.W.2d 496 (Tex.Civ.App.—Amarillo 1975, no writ), the court wrote:

"A judgment is considered final only if it determines the rights of the parties and disposes of all of the issues involved *so that no future action by the court will be necessary in order to settle and determine the entire controversy. . . .*" (Emphasis added.) *Id.* at 498.

In *Joseph v. City of Ranger*, 188 S.W.2d 1013 (Tex.Civ.App.—Eastland 1945, writ ref'd w.o.m.), the court dismissed an appeal from an interlocutory judgment because the judgment attempted to be appealed from was not a final judgment. The Eastland court of civil appeals wrote:

"In this case the declaratory judgment as entered by the court will not end the controversy, for the reason there are a number of other issues involved in the case that will have to be determined before a final judgment can be entered therein. . . ." *Id.* at 1014.

We are confronted with the same situation in the case at bar. The judgment discloses on its face that it is not final in that there are still matters unresolved that will require the presentation of evidence in the trial court; i. e., the amount that each employee's recovery for back pay will be mitigated, depending on each employee's earnings during the period of his discharge.

We hold that the judgment sought to be appealed from is interlocutory in nature and no appeal will lie to this court based upon the actions taken. Since no final judgment has been entered so as to confer jurisdiction over the attempted appeal, it is our duty to dismiss the appeal on our own motion. This attempted appeal is dismissed without prejudice to the rights of any party to perfect its appeal from any final appealable judgment subsequently entered in this cause.

MASSEY, C. J., concurring.

MASSEY, Chief Justice, concurring.

By the Official Opinion in this case I have been persuaded to concur.

However, in connection with any possible future use I believe to fully understand the

Official Opinion, it might be of advantage that a reader have available the opinion I originally prepared and proposed. For that purpose I present a copy, as follows:

"Marshall Tate and others, all employees (or ex-employees) of Tarrant County, Texas, (and its Commissioners Court chaired by the Honorable Mike Moncrief, County Judge,) were in effect, discharged from their positions as janitors-custodians at the courthouse(s) as of the end of the calendar year of 1976. There was no resolution by the Commissioners Court to such effect. Beginning January 1, 1977, on the theory that there was an abolishment of such employees' positions, the Commissioners Court entered into a contract with an independent contractor to accomplish the performance of those same duties formerly their obligation as county employees. Tate and the other employees were notified in writing through agency of the Director of County Services" that their last working day would be December 31, 1976. Therein it was stated "This lay-off is being conducted according to Civil Service Rule XIV, Section 14.1.-1, 14.1.3, 14.1.4, and 14.1.6."

About five years prior the Commissioners Court had by its own order adopted a county civil service system pursuant to the provisions of V.A.T.S. Title 44, "Courts-Commissioners", Art. 2372h–6, "Civil service system in counties of 300,000 or more". All of the affected employees were "covered" civil service employees as of the time of their discharge. The Director of County Services served notice in writing upon the county Civil Service Commission that it was necessary to "delete" the positions in which these employees had theretofore been serving. All this was done several weeks prior to January 1, 1977.

The employees appealed because of what they considered their discharge and presented their petition to the Civil Service Commission. They failed to obtain relief. Pursuant thereto the following represents the written record of the Commission action:

"DECISION OF TARRANT COUNTY CIVIL SERVICE COMMISSION REGARDING THE LAYOFF OF CUSTODIAL EMPLOYEES

The intent and good faith of actions by the Tarrant County Commissioners' Court is a matter of law to be adjudicated in the District Court. This Civil Service Commission does not have the statutory jurisdiction to look behind the intent and good faith economic policies of the Tarrant County Commissioners' Court. No fact complaints have been received by this Civil Service Commission regarding the order or sequence of the individuals being 'laid off' in the terms of the Commissioners Court, or 'terminated' in the words of Petitioners' Counsel. No fact questions regarding the propriety of the operation of this Civil Service Commission Rules and regulations have been presented to warrant overturning the Civil Service Commission order regarding the order and sequence of the Petitioners' dismissal.

The question of a valid or invalid intent by the Tarrant County Commissioners' will not be considered by the Civil Service Commission. This Civil Service Commission, thereby finds no fault in the procedure used relevent (sic) to tenure, seniority or sequence in the reduction of employees by Tarrant County Commissioners' Court subject to rule 14."

Thereafter the employees promptly filed suit in District Court. Cautiously, they coupled their case, as an appeal from the ruling and Order of the Civil Service Commission, with pleadings appropriate to an original action to obtain a declaratory judgment directing reinstatement because their termination was without authority and null and void. Their theory was that any question of jurisdiction of the District Court was thereby eliminated.

Following trial in the District Court judgment was rendered in favor of the employees that they be reinstated to their civil service positions. Additional adjudication, which in our opinion was not absolutely essential to the judgment and therefore severable, and treated severed, was that they have their back pay, less amounts for any pay earned from other regular employ-

ment. From this judgment Moncrief, County Judge, et al., have brought their appeal to this Court.

We affirm the judgment ordering reinstatement. Treating it as a severable, and severed, judgment we reverse and remand the remainder of the provisions by judgment, necessarily constituting premature and improper supplemental relief based upon that portion of the judgment which is affirmed—and actually remaining to be tried if not settled administratively. By such action of remand we recognize that there was no complete adjudication of supplemental relief such as authorized by the provisions of V.A.T.S. Art. 2524–1, "Uniform Declaratory Judgments Act," § 8, "Supplemental relief," but the right of appeal existed independently of the ineffective judgment provisions relative to supplemental relief because as a Declaratory Judgment ordering reinstatement the Act provides it shall have the force and effect of a final judgment or decree.

We hold that the trial court's jurisdiction was invoked; that any question thereon which might otherwise have obtained was eliminated and not necessary to be here determined by the joinder of action for declaratory judgment with action by way of appeal from the decision of the Civil Service Commission.

Furthermore, we hold that the nature of the proof made was sufficient to support the judgment whether tested under the Substantial Evidence Rule or by the tests applicable to the ordinary suit.

We overrule the challenges made upon the Findings of Fact and Conclusions of Law of the District Court. These are: fact findings (X) that the employees were terminated as opposed to having been "laid off," and (XI) that at time of termination there did not exist a "lack of work" or "lack of funds" within the meaning of the rules of the Civil Service Commission; and legal conclusions (V) that the termination was not made in good faith; and (VII) that the termination was null and void.

By provision of V.A.T.S. Art. 2372h–6, § 8, "Civil service system in counties of 300,000 or more," Tarrant County was obliged upon its adoption to create the county's Civil Service Commission. By the statute such Civil Service Commission was obliged to make, publish, and enforce rules, consistent with the purposes of the Act, relating to:

.　　.　　.　　.　　.

(3) promotions, seniority, and tenure;
(4) layoffs and dismissal;

.　　.　　.　　.　　.

The Civil Service Commission did make the rules required. A copy thereof was made a part of the record in the trial court. Those necessary to be noticed are:

First: RULE VII, "Discipline", Sec. 7.1, "Suspensions, Demotions, Removals", and Sec. 7.2, "Cause for suspension, demotion or removal" of persons in the classified service shall be made in accordance with and under the provisions of Rule VII; further, that the tenure of every person holding a position under the provisions of the rules shall be during good behavior, but that any such person might be removed, demoted, suspended, etc. for any other following causes;

(a) Incompetency;

(b) Inefficiency;

(c) Insubordination;

(d) Dishonesty;

(e) —and other causes through (m), none of which could have possible application to the situation posed by this case.

Second: RULE XIV "Layoff, Resignation, Reinstatement and Reemployment, and Retirement". (It was to sections under this rule that the letter of the "Director of County Services" made reference in the written notification to Tate and the other employees.) Thereunder are provisions to be considered, viz:

Sec. 14.1.1, "layoff", providing that "[w]henever it becomes necessary through lack of work or funds, to reduce the number of employees in any class in the classified service . . ." there should be administrative procedure culminating in action by the Civil Service Commission, which, "upon

finding that such procedure is in the public interest, may authorize an appointing authority to lay off employees . . ." etc.

Sec. 14.1.3, "Layoff Ratings", which contains provisions by which the order of making the "layoffs" are to be determined.

Sec. 14.1.4, "Seniority For Layoff Purposes", which contains provisions relative to seniority considerations to be considered in determining "layoff ratings".

Sec. 14.1.6, "Demotion in Lieu of Layoff", which contains provisions which afford an employee otherwise to be laid off the option to accept lower rated employment where a lower classification exists to which he might be willing to be reduced in order to continue in capacity of employee.

The Rules of the Civil Service Commission apply to all "removals" of persons in the employ of Tarrant County in the classified service. Thereby is provided that there must be compliance with authorization and procedure by provision of RULE VII (and/or, of course, by Texas statutory law). Since there was not any termination of the status of such employees (as Civil Service Employees of Tarrant County) under provisions of RULE VII there was not in this case any effective discharge or termination of the employees' status as such. The abolition of an office or position under civil service must not violate the civil service rules as to discharges. 15A Am.Jur.2d 104, "Civil Service", § 72, "(Abolition of Office or Reduction of Working Force; Reorganization)—Generally". It is obvious this legal principle was in the mind of the trial court when it made its Findings of Fact and Conclusions of Law, as follows:

## FINDINGS OF FACT

### I

Defendants are officials and employees of Tarrant County, Texas, a bodies politic and were duly served and answered in their official capacities.

### II

Prior to April, 1974, Tarrant County adopted a civil service system under Article 2372h–6, V.A.T.S.

### III

On August 3, 1972, the Civil Service Commission adopted rules as authorized by Section 8 of Article 2372h–6, V.A.T.S. which rules included Rule XIV relating to "layoffs."

### IV

Immediately prior to December 31, 1976, Plaintiffs, Marshall Tate, Sam H. Flood, Ernest S. Thompson, Andy Adkins, John E. Cawthorne, Johnny Sepeda, Lucien Chavez, Newton Braziel, William H. Ward, Irvin Loftin, Audrey O. Williams, Bennie V. Shaw, Lucy Rhodes, Bennie J. Jones, Walter Wells, and Howard Priddy, were employees of Tarrant County, Texas.

### V

Each of the Plaintiffs hereinabove named were permanent employees of Tarrant County, Texas, as that term is defined in the Rules of the Tarrant County Civil Service Commission and each had tenure within the meaning of Article 2372h–6, V.A.T.S.

### VI

Each of the Plaintiffs named hereinabove was terminated by the County as of December 31, 1976.

### VII

On the next working day following the termination of the named Plaintiffs, the work theretofore performed by the Plaintiffs was taken over and performed by persons not subject to the rights and protections of Article 2372h–6, V.A.T.S. The janitorial work done by the Plaintiffs prior to January 1, 1977, and that done by others outside the civil service system thereafter was substantially identical.

### VIII

The Commissioners' Court of Tarrant County, Texas adopted no order terminating Plaintiffs but did adopt Order No. 45449 authorizing the contracting of janitorial services with an independent contractor.

### IX

Servants of Tarrant County notified each of the named Plaintiffs that he was being "laid-off" pursuant to Rule XIV, Sections

14.1.1, 14.1.3, 14.1.4, and 14.1.6, which provide

"Whenever it becomes necessary through lack of work or funds, to reduce the number of employees in any class in the classified service, the appointing authority of the department concerned shall notify the Director of Personnel in writing of the number of employees to be laid off, the class title, and the date the employees are to be laid off."

## X

The Plaintiffs were terminated and were not "laid-off" as those terms are known and used in the field of labor relations and as the term "laid-off" is used in the Rules of the Civil Service Commission of Tarrant County.

## XI

At the time of the termination of the named Plaintiffs, there did not exist a "lack of work" or "lack of funds" within the meaning of the rules of the Civil Service Commission of Tarrant County.

## XII

Prior to the termination of Plaintiffs, the Commissioners' Court of Tarrant County made an abortive attempt to abolish the civil service system of Tarrant County by declaring its previous Orders invalid under the Open Meetings Act and then readopting all of those orders except that order creating the civil service system. That attempt of the Commissioners' Court of Tarrant County to abolish its civil service system by means other than those provided by statute was declared inoperative by Attorney General's Opinion H–594.

## XIII

The Commissioners' Court of Tarrant County caused two feasibility studies to be made with respect to its janitorial services. The first was conducted prior to the County's abortive attempt to abolish the civil service system; the second was conducted subsequent to the issuance of Attorney General's Opinion H–594.

## XIV

The Plaintiffs herein filed timely appeal of their termination to the Tarrant County Commissioners' Court which heard their appeal and failed to grant affirmative relief.

## XV

The termination of the named Plaintiffs herein resulted in their removal from the positions they had previously held and directly affected their rights and status as encompassed by Article 2372h–6, V.A.T.S. and the rules adopted thereunder.

## CONCLUSIONS OF LAW

### I

The parties are properly before the Court.

### II

The Court has jurisdiction under Article 2524–1, V.T.C.S. and Article 2372h–6, Section 9, V.A.T.S.

### III

In Texas, the presumption of good faith of Commissioners' Court does not obtain in matters relating to employee's rights and status.

### IV

Courts may consider past actions of a Commissioners' Court and circumstances surrounding termination of a civil service employee to determine whether or not the termination was made in good faith.

### V

The question of good faith in the termination of a County employee having tenure under civil service is a question of law for the Court. The termination of the named Plaintiffs herein was made in a proximate context of an abortive attempt by the Commissioners' Court to abolish the civil service system in Tarrant County and was not made in good faith.

### VI

The termination of the named Plaintiffs herein is null and void and those Plaintiffs are entitled to reinstatement with back pay for each pay period with back pay to be calculated at rates prevailing for their respective classifications and grades during their absence from employment plus inter-

est thereon at six (6%) per cent per annum from date of judgment minus an amount for any pay period earned from other regular employment during that pay period.

## VII

The "laid-off" Plaintiffs herein were terminated in contravention of the Civil Service Rules of Tarrant County, Texas.

The conclusions of law that termination of the employees was improper—even assuming the absence of procedural defect—was adequately supported by the evidence. The issue of "good faith" in the aspect applicable to the facts of the case before us, i. e., in the abolishment of a civil service position, presents a question of whether there was an abuse of discretion on the part of the governing board (Commissioners Court) which occasioned the action, or whether its action was arbitrary presented a question of law for the court. *City of San Antonio v. Wallace,* 161 Tex. 41, 338 S.W.2d 153, 157 (1960).

In the *City of San Antonio* case, by the Supreme Court, is the holding that, in this particular form of case, the burden lies upon the state agency (Tarrant County and its Commissioners Court) to prove its "good faith". In the posture of the proceedings the agency was obliged to make the proof and obtain the finding in accord that the termination of its employees was neither made by an abuse of its discretion so to do nor that its action was arbitrary. The City of San Antonio, which had by ordinance attempted to abolish certain classified positions of firemen and policemen under provision applicable by the Civil Service Act, had by this method sought to discharge its employees while continuing the work of those in the positions formerly occupied by contracting with an independent contractor to furnish other individuals to perform the same services. The City of San Antonio wholly omitted to discharge its burden of proof (settled as incumbent by the opinion of the Supreme Court), believing that as applied thereto—if the issue had any importance—that the complaining employees would be obliged to prove the municipalities' want of "good faith".

Of concern to us is certain language in *City of San Antonio.* The court wrote (p. 157) "As above pointed out, *there were no pleadings which suggested that the questioned ordinance was adopted in the interest of either economy or increased efficiency,* and the City relies heavily upon the doctrine that public officials are presumed to act in good faith." (Emphasis supplied.)

Unlike *City of San Antonio* there was in the instant case the attempt to show that Tarrant County's action (disregarding the want of conformity to Art. 2372h–6 and RULE VII of the Tarrant County Civil Service Commission) was motivated by the consideration of economy. All the proof was to the effect that pursuant to studies and investigations caused to be made in advance Commissioners Court honestly believed that thousands of dollars per year could be saved by "going the independent contractor route" in changing the method of providing custodial-janitorial services at its buildings.

The trial court, under the rule announced in the *City of San Antonio* case, could have disbelieved the evidence so presented. We have no doubt, however, that it did believe that the commissioners were thus honestly motivated.

The only material difference of this case from *City of San Antonio* lies in the state of the evidence. In the case before us there was attempt of the party in the position of the City of San Antonio to introduce evidence to justify its action on the ground of economy, and such evidence was not contradicted. In other words, evidence which was absent on behalf of the City of San Antonio was by and in behalf of Tarrant County placed in the record on the trial from which the appeal was taken.

In instances where in pursuance of a rule that a civil service office or position may be abolished in good faith certain factors have been considered as evidence of good faith in the abolishment, namely; the fact that a municipality had been unable to pay its financial obligations for a number of years; the fact that no rank in the police force,

either in name or substance, was created similar to that of chief of police, which had been abolished; the fact that after the dismissal of members of a police force, following reduction of personnel for reasons of economy, no officers were appointed to take their places; and the fact that a new office or position created to take the place of an old one consisted of duties separate and distinct from that of the office or position abolished. 15A Am.Jur.2d, p. 105, "Civil Service", § 73, "Factors indicating good faith". In such cases the abolishment of offices or positions have generally been upheld.

In the case before us it is conceded that, from a financial standpoint, Tarrant County could have continued as before, with retention of the employees discharged; that the county enjoys favorable financial resources. Thus, the type of proof considered in the preceding paragraph was not available to prove facts tending to establish the existence of the county's "good faith". (That it not be overlooked it is to be remembered that the abolition of an office or position under civil service must not violate the civil service rules as to discharges.)

In the final analysis it must be recognized that the public policy of this state as evidenced by its civil service law, which is to place employees for the most part upon a merit system and free them from political control, cannot be circumvented and where there is litigation the court will scrutinize carefully any attempt at circumvention. *City of San Antonio v. Wallace, supra; City of Wichita Falls v. Harris,* 532 S.W.2d 653, 658 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.).

In view of the public policy we have concluded that where there is abolishment of a civil service position of custodian-janitor in the interest of economy in instances where there exists no compelling reason to effect the saving, with the continuation of the identical work and function of the employee discharged by supplying another (or others) with whom there is arrangement for the same purpose, a trial court commits no error in finding and concluding that there

was want of "good faith" in an abolishment of the position, and/or in the termination of the employment of the civil service employee in his protected position. To hold otherwise would be to afford opportunity for one in a position like unto that (or those) formerly enjoyed by the county's employees here affected to be "legislated out of office" so that another might take his place in contravention of public policy.

Upon such a premise we hold that the trial court, even assuming, as we do, that such court did believe that the attempt of the Commissioners Court was admirably inspired in the interest of county government economy, was justified in declining to conclude that the affected employees had been terminated by "good faith" action of Commissioners Court. (Reference should be made to the opinion in *City of San Antonio, supra,* upon the meaning of the term "good faith" as applied to the particular situation posed.)

We are not prepared to go as far as California, where adoption of state Civil Service was constitutionally provided. There the cases seem to discredit any use of an independent contractor system to replace civil service employees on the ground that the purpose of the Civil Service Act of that state is circumvented when necessary services are continued to be performed by persons working for the contractor and thus not under the civil service system. See *State Compensation Insurance Fund v. Riley,* 9 Cal.2d 126, 69 P.2d 985 (Cal.Sup.1937); and *Stockburger v. Riley,* 21 Cal.App.2d 165, 68 P.2d 741 (Cal.Dist.Ct. of Appeal, 1937, hearing by Sup.Ct. denied). In the instant case we are merely obliged to pass upon the question of whether there was an abuse of discretion by the trial court; whether that court erred by the refusal to find the action of Commissioners Court was in "good faith", as the meaning of such term is to be understood. This we have done.

Judgment is in part affirmed, and in part and as a judgment in a severed action is reversed and remanded. That part of the judgment which is affirmed is the declara-

tion and settlement of dispute and that appellees named in the judgment be reinstated in their civil service positions. That part of the judgment which is treated as severed and reversed relates to appellees' monetary entitlement; heretofore observed as actually not yet tried and adjudicated so that there was judgment thereupon which was ripe for any appeal as upon supplemental relief to be adjudicated pursuant to provisions of V.A.T.S. Art. 2524–1, "Uniform Declaratory Judgments Act", § 8, "Supplemental relief".

All costs are taxed against the appellants.

The foregoing sets out what I originally proposed to be the official opinion in the case. As earlier stated, it is copied for better understanding of the opinion which is the Official Opinion of the Court, in which I concur.