*132 ORDER (Denying Appeal)
PER CURIAM.
On October 8, 2014, the appellants, by and through Attorney John S. Swimmer, filed an appeal, entitled “Petition for In-terlocutoryof a Trial Court opinion issued on September 17, 2014. HCN R.App. P, 8, available at http://www.ho-chunknation.com/7PageId=123. “Any party to a civil action ... who is dissatisfied with [a] judgment ... may appeal to the Supreme Court.” HCN Const,, art. VII, § 14, available at http://www.ho-chunknation.com/?PageId=294. The Court, however, has consistently construed the constitutional right to appeal as applying only to a review of final judgments. HCN R.App. P. 7; see also, e.g., Stewart Miller v. HoCkunk Nation et al., SU 99-OS (HCN S.Ct., Sept. 15, 1999).
In contrast, the Court retains considerable discretion when determining whether to accept an appeal of an interlocutory order, which must be filed within ten (10) days following the entrance of a trial level decision.[1] HCN R.App. P. 8. Additionally, an appellate petition must include, at a minimum, four (4) substantive components:
a statement of the facts necessary to an understanding of the controlling question of law determined by the order of the Trial Court; a statement of the question itself; and a statement of the reasons why substantial basis exists for a difference of opinion on the question!;] and why an immediate appeal may materially advance the termination of the litigation.
Id. (emphasis added).
The appellants address each of the preceding elements in the October 8, 2014 filing, but significantly recast the last condition by omitting any reference to “termination” of the ongoing case. Pet. for Interlocutory at 8, 11. Rather than hastening a conclusion of this matter, the appellants merely want to retain each initially named defendant/appellee as the case proceeds toward trial.[2] Quite clearly, the appellants have failed to satisfy the final, and arguably most important, articulated rule requirement for having an interlocutory appeal heard by the Court.
The Court must insist upon the presence of this condition since it could otherwise await the entrance of a final judgment, thereby allowing the Trial Court to fully *133 perform its constitutional role.[3] HCN Const., art. VII, § 6. For this reason, the Court has repeatedly declined to accept interlocutory appeals whenever it perceives that “the merits of [a] case are intertwined within the appeal and [that it] may have been filed prematurely.” Michelle M. Ferguson v. HCN Ins. Review Comm’n/Div. of Risk Mgmt., SU 00-13 (HCN S.Ct., Oct. 14, 2000) at 1. More thoroughly stated:
this Court prefers to review cases after the Trial Court [has] fully considered and deliberated on the facts after [affording] due process of notice and [an] opportunity for a hearing. See [, e.g.,] Ho-Chunk Nation v. Bank of America, SU 03-06 (HCN S.Ct., July 10, 2003) citing with approval Margaret G. Gar-vin v. Donald Greengrass and Margaret G. Garvin v. Ho-Chunk Nation, and Donald Greengrass in his official and individual capacity, and Evans Litllegeorge in his individual capacity, SU 01-14 (HCN S.Ct., April 05, 2001).... [As] in the Garvin case, this Court favors the complete development of the record rather than dealing with a case on a piecemeal basis.
Interlocutory appeals are unusual by their very nature. The case has not been heard in its entiretyU and the Trial Court has not rendered full judgment after [presentation of all the facts. As such, a reviewing Court ... is ordinarily not willing to step in and consider claims of error by the Trial Court prior to giving the lower court the full amount of time ... to correct any errors perceived by the parties. This allows the Trial Court to justify its holdings [through] deliberate and careful consideration of the law [as applied] to the facts of the case.
Wayne S. Hanraban v. Sharyn Whiterabbit et al., SU 04-03 (HCN S.Ct., Apr. 1, 2004) at 3-4. The Supreme Court will intervene when it can necessitate a culmination of the litigation after the Trial Court has definitively ruled upon a potentially dispositive issue. The appellants present no such scenario here.
Moreover, the appellants have not timely appealed the Trial Court’s September 17, 2014 order.[4] The Trial Court identified the decision, intentionally or unintentionally, as a final judgment by including the appellate rights paragraph referencing the sixty-day timeframe. Order (Granting Mot, to Dismiss in Part) at 14-15 (quoting HCN R.App. P. 7(b)(1)). This mistake, however, cannot serve to bind the actions of this Court. See Lowe, CV 00-104 (HCN Tr. Ct., Nov. 13, 2000) at 14, appeal denied, SU 00-15 (HCN S.Ct., Dec. 7, 2000). The Trial Court proceeding has not otherwise concluded, and the remaining parties were informed of an upcoming status hearing. Order (Granting Mot. to Dismiss in Part) at 14.
This Court earlier defined the term, “final judgment,” stating “ ‘a judgment is considered “final” and thus appealable only if it determines the rights of the parties and disposes of all of the issues involved so that no future action of the court will be necessary in order to settle and determine *134 the entire controversy,’ ” Lowe, SU 00-15 (HCN S.Ct„ Dec. 18, 2000) at 2 (quoting Black’s Law DictionaRy 629 (6th ed. 1990)). The legal dictionary, in turn, cites a Texas appellate ease for this proposition, wherein the court denied an appeal regarding an action in which the trial level dismissed the plaintiff s case against two (2) of three (3) defendants. Nonetheless, the court declined to deem the trial opinion final as to the two (2) defendants since the trial court had not formally severed the causes of action. Howard Gault & Son, Inc. v. First Nat’l Bank of Hereford, 523 S.W.2d 496, 498 (Tex.Civ.App.1975); see also Permian Mud Serv., Inc. v. Sipes, 357 S.W.2d 803, 805 (Tex.Civ.App,1960) (citing Tex.R. Civ. P. 174(b)).
The severance rule in Texas is significantly similar to a standing rule in this jurisdiction, which states, in relevant part: “The Court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conductive to judicial economy, may order a separate trial of any claim ... or of any separate issue or of any number of claims ... or issues.” HCN R. Civ. P. 47(B). The Trial Court did not seek to sever the below case pursuant to the foregoing rule. Consequently, the appellants should have filed the Petition for Interlocutory on or before Monday, September 29, 2014. HCN RApp. P. 8, 10(a). The instant appeal was initially submitted on Monday, October 6, 2014, and perfected on Wednesday, October 8, 2014.
For the foregoing reasons, the Court denies the appellants’ interlocutory appeal. The appellants retain the ability to appeal the dismissed claim(s) upon the entrance of a final Trial Court judgment. In the event the appellants prevail below, appellate review may become entirely unnecessary, constituting a further reason for declining the matter at this stage.
EGI HESKEKJET.

. The Court shall address the timing of the appeal below.

. The Trial Court intends to proceed with the adjudication of standing claims against the remaining defendants/ appellees. Order (Granting Mot. to Dismiss in Part), CV 12-83 (HCN Tr. Ct., Sept. 17, 2014) at 14.

. A party need not file a notice for purposes of preserving the right to contest an interlocutory order in conjunction with an appeal of a final judgment. Chloris Lowe, Jr. et al. v. HCN Legislature Members Elliot Garvin et al., SU 00-15 (HCN S.Ct., May 4, 2001) at'2.

. The Trial Court determined that the appellants/plaintiffs could not “continue an action against the OOP’’ due to lack of justiciability, Order (Granting Mot. to Dismiss in Parti at 12, and, therefore, ruled that “[t]he OOP is hereby dismissed from this action and the President shall no longer be considered a party-"Mat 14,