COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In the Interest of A.J.H., a Child

Appellate case number:    01-18-00245-CV

Trial court case number:  2017-00233J

Trial court:               314th District Court of Harris County

On March 8, 2018, the trial court signed a decree terminating the parental rights of D.G. and E.H. E.H. filed a notice of appeal. D.G. filed a timely motion for new trial and a notice of appeal. On May 24, 2018, the trial court signed an order granting D.G.'s motion for new trial, stating that the court "sets aside that portion of the prior order issued by the Court . . . terminating [D.G.'s] parental rights." D.G. then filed an unopposed motion to dismiss his appeal in this court. On June 12, 2018, this court issued an order dismissing D.G.'s appeal as moot, but stating that the appeal of E.H. remained pending.

Although the March 8, 2018 decree was final when appealed, it became interlocutory when the trial court granted a partial new trial as to D.G. *See Dullye v. Gume Transport & Storage, Inc.*, No. 04–16–00200–CV, 2016 WL 3181396, at *2 (Tex. App.—San Antonio June 8, 2016, no pet.) (dismissing appeal for lack of jurisdiction because grant of partial new trial transformed previously final judgment into interlocutory order that was no longer appealable); *Howard Gault & Son, Inc. v. First Nat'l Bank of Hereford*, 523 S.W.2d 496, 498 (Tex. App.—Amarillo 1975, no writ) (when case involves more than one defendant, no final judgment exists until it is rendered against all and final judgment becomes interlocutory when trial court grants new trial as to some but not all defendants). Thus, the March 8, 2018 final judgment against E.H. became interlocutory on May 24, 2018 when the trial court signed the order granting a partial new trial. And, because the March 18, 2018 decree was interlocutory, this court no longer had jurisdiction, as of the date the trial court granted D.G.'s motion for new trial, unless the trial court entered a severance order when it granted the new trial in favor of D.G. *See id.* at 498–99 (absent a severance order, no appeal will lie for party against whom interlocutory judgment has been granted until judgment becomes final).

According to D.G., the trial court rendered a new decree terminating his parental rights on June 21, 2018. To determine whether this court has jurisdiction in this appeal, and if so, the date the decree against E.H. became final and appealable, this court requires a supplemental clerk's record.

The court orders the trial court clerk to file a supplemental clerk's record **within 20 days from the date of this order** containing (1) the May 24, 2018 order granting new trial; (2) the June 2018 decree terminating D.G.'s parental rights; and (3) a severance order, if any.

It is so ORDERED.


Judge's signature: /s/ Jennifer Caughey

       ☑ Acting individually    ☐ Acting for the Court


Date: July 26, 2018